No. 16-3602

# United States Court of Appeals
# for the Third Circuit

Winick Dorval

*Plaintiff-Appellant*

*v.*

Moe's Fresh Market and Wallie Hamed

*Defendant-Appellee*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

## BRIEF OF APPELLANT

### APPENDIX ATTACHED

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Islands 00802

(917) 602-3354

Dorval.wilnick@gmail.com

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and**

**Statement of Financial Interest**

No. 16-3602

Wilnick Dorval

v.

Moe's Fresh Market and Wallie Hamed

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

Pursuant to Rule 26.1 and Third Circuit LAR 26.1,  Wilnick Dorval
makes the following disclosure:                              (Name of Party)

1) For non-governmental corporate parties please list all parent

corporations:

      None

2) For non-governmental corporate parties please list all publicly held

companies that hold 10% or more of the party's stock:

      None

3) If there is a publicly held corporation which is not a party to the

proceeding before this Court but which has as a financial interest in the outcome of the
proceeding, please identify all such parties and specify the nature of the financial interest or
interests:

      None

4) In all bankruptcy appeals counsel for the debtor or trustee of the

bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of
the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the
caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not
participating in the appeal, this information must be provided by appellant.

      None

_(signature)_

(Signature of Counsel or Party)

Date: _9/19/2016_

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Brief to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

Wilfredo A. Geigel, Esq.

5020 Anchor Way/ P.O. Box 25749

Gallows Bay, St. Croix 00824

This the 19th day of September 2016.

X _Wilnick Dorval_

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………….. 5

TABLE OF AUTHORITIES……………………………………………… 6

SATEMENT OF JURISDICTION……………………………………… 7

STATEMENT OF THE ISSUE…………………………………………. 8

STATEMENT OF THE CASE……………………………………….. 9

SUMMARY OF THE ARGUMENT…………………………………. 16

STANDARD OF REVIEW…………………………………………… 18

ARGUMENT…………………………………………………………… 20

    WHETHER THE DISTRICT COURT ERRED WHEN IT DECIDED

    THAT DEFENDANTS DID NOT HAVE NOTICE……………………20

    WHETHER THE DISTRICT COURT ERRED WHEN IT DENIED

    THE MOTION FOR TEMPORARY RESTRAINING ORDER,

    PRILIMINARY AND PERMANENT INJUNCTIVE

    RELIEF…………………………………………………………………21

CONCLUSION…………………………………………………………. 25

CERTIFICATE OF FILING AND SERVICE………………………….. 26

CERTIFICATE OF COMPLIANCE…………………………………… 27

## **TABLE OF CASES AND AUTHORITIES**

CASES:

*Brooks v. Collis Foods, Inc.*, 365 F.Supp.2d 1342, 1350 (N.D.Ga.2005)............    21

*Brown v. City of Pittsburg*, 586 F. 3d 263, 268 (3d Cir.2009)...........................    18

*Callwood v. Dave & Buster's, Inc.*, 98 F.Supp.2d 694, 708-709 (D.Md.2000)......    21

*Carabello v. Beard*, 2008 WL 597722 (E.D.Pa.2008).......................................    18

*Gerardi v Pellullo*, 16 F. 3d 1363, 1373 (3d Cir.  1994)...................................    18

*Joseph v. New York Yankees Partnership*, 2000 WL 1559019, at 5

2000 U.S. Dist. LEXIS 15417 (S.D.N.Y., Oct 19, 2000).................................    22

*Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490,

108 S. Ct 1340, 1347, 99 L. Ed.2d 565 (1988)............................................    16, 20

*Vuitton v. White*, 945 F. 2d 569, 573 (3d Cir.1991)........................................    18

STATUTES:

28 U.S.C. §1291...............................................................................    7

28 U.S.C. §1331...............................................................................    7

28 U.S.C. §1343...............................................................................    7

42 U.S.C. §1981............................................................................. 7, 9, 16, 21

42 U.S.C. §2000(a)......................................................................... 7, 9, 16, 21,22

Rule 65 of Federal Rules of Civil Procudures............................................    7

## STATEMENT OF JURISDICTION

The United States Districts Court of the Virgin Islands for the District of St. Thomas and St. John had subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, § 1343; and 42 U.S.C. § 2000 (a), et seq. The claims arose under the laws of the United States, specifically 42 U.S.C. 1981 and 42 U.S.C. 2000(a) et seq. This court has jurisdiction pursuant to 28 U.S.C. §1291 to hear this appeal from the District Court's final decision, filed September 9, 2016, which denied plaintiff/appellant's motion under Rule 65 of the Federal Rule of Civil Procedures for temporary restraining order, preliminary and permanent injunction. On April 12, 2016, appellant timely filed a notice of appeal with the Clerk of the District Court.

## STATEMENT OF THE ISSUES

WHETHER THE DISTRICT COURT ERRED WHEN IT RULED THAT THE DEFENDANTS DID NOT HAVE NOTICE OF PLAINTIFF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION……………………………….20

WHETTHER THE DISTRICT COURT ERRED WHEN IT DENIED PLAINTIFF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINATRY AND PERMANENT INJUNCTION……………………………………………………………………………....21

## STATEMENT OF THE CASE

I prosecute this appeal on discrimination claim under 42 U.S.C. 1981 and 42 U.S.C. 2000(a). I alleges that Wallie Hamed, owner of Moe's Fresh Market and his employees acted hostile toward me when I am shopping at store to intimidate me from continuing to shop at the store and finally banned me from the store because I am black.

I do not own a car and Moe's Fresh Market is the only major grocery store that is walking distance to Sapphire Village. I frequented Moe's Fresh Market approximately once a week, from October 2015, through April 11, 2016, to purchase dairy products such as milk, eggs and bread and perishable products such as fruits and vegetables. The dairy products at Moe's Fresh Market have a short expiration date of 7 days, that caused me to have to return to the store. Compl. at ¶ 4.1.7.

Moe's Fresh Market allowed and permitted its employees and a group of individuals to create a hostile environment for me in the store to discourage and prevent me from making grocery purchases because I am not welcome in the store because I am black. A group of individuals from Sapphire Village followed me to Moe's Fresh Market and engaged in the following criminally aggressive and predatory course or pattern of conducts to intimidate me from continuing to shop at the store because I am black:

> a. Each time, these individuals waited for me at the store or arrived at the store to harass me. They followed me throughout the entire store and deliberately and purposely pushed or touched me to irritate and annoy me. For example, January

9

6, 2016, one of those individuals deliberately and purposely bumped me with a shopping cart.

b. Each time, these individuals congregated on the aisles and deliberately and purposely blocked the aisles with their carts and prevent me from going through the aisles. For example, March 30, 2016, three white women and one had a shopping cart with a child in it, deliberately blocked my pathway by the produce area and purposely refused to move out of the way. These women deliberately and purposely flicked and moved their heads wildly, each time I looked-up. Another example, on February 11, 2016, a group of man, standing by the bakery area and the aisles, deliberately blocked my pathway and refused to move even though they clearly saw me trying to get through. I had to asked them to move out of the way.

c. Each time, these individuals hid behind the aisles and deliberately and purposely lunged at the corner of my eyes when I looked up. They deliberately and purposely exaggerated their body movements and flicked their heads wildly, when I looked. When I ignored them they stomped their feet and made noise disturbances. For example, November 18, 2015, a group of individuals followed me into Moe's Fresh Market, in Red Hook, and deliberately lunged at the corner of my eyes and flicked their heads wildly when I am looking. Another example, March 06, 2016, two customers deliberately and purposely lunged at the corner of my eyes soon as I was about to exit aisle number 1 and when I made a left turn, another customer wearing a red shirt deliberately lunged at the corner of my eyes.

     d.  Each time, I am waiting at the register to pay for my food, these individuals deliberately and purposely lunged at the corner of my eyes at fast speed repeatedly. For example, November 24, 2015, a group of individuals followed me into Moe's Fresh Market and a guy wearing a red hot particularly followed me throughout the store and purposely lunged at the corner of my eyes at the register. Another example, March 30, 2016, a white woman wearing a pink shirt, continuously lunged at the corner of my eyes throughout the store.

     e.  Most of the time these individuals entered and exited the store without making any purchases. Compl. at ¶ 4.

I noticed that most of these individuals are Caucasian and wearing sunglasses that have cameras. In addition, these individuals have smart phones on their hands with cameras that are recording inside the store. For example, March 06, 2016, a white male wearing a green shirt was standing at the register with sunglasses on his head that appeared to have a camera. Compl. at ¶ 4.2.2.

The management of Moe's Fresh Market has taken no actions against any of these individuals that entered the store to harass me and interfered with my ability to purchase necessary food items. Moe's Fresh Market and Wallie Hamed, store owner, added and abated these individuals to violate federal and Virgin Island criminal laws by condoning these acts, harboring the actors and participating in these criminal activities. Compl. at ¶ 4.2.3

The store staff at Moe's Fresh Market engaged in the same harassing behavior as the group of individuals from Sapphire Village. Moe's Fresh Market's employees engaged in the following criminally aggressive and predatory course or pattern of conducts to intimidate me from continuing to shop at the store because I am black:

11

a. Each time, the employees congregated on the aisles and deliberately and purposely blocked the aisles with boxes and prevent me from going through the aisles. Specifically, one male employee that wears a brown jacket with a hoodie always stand between aisle number 1 and the refrigerators with boxes of merchandise purposely blocking my path. I have gone to the stores on different days and times and found him in the same position and performing the same function. For example, December 30, 2015, March 20, and March 30, 2016, that same employee deliberately blocked my pathway.

b. Each time, employees hid behind the aisles and deliberately lunged at the corner of my eyes, when I looked up. They purposely and deliberately exaggerated their body movements and flicked their heads wildly, when I am looking. When I ignored them, they stomped their feet and made noise disturbances. For example, January 6, 2016, a male employee by the produce area attending to some boxes flicked his head at me suddenly when I looked up.

c. Each time, I am waiting at register to pay for my food, the employees deliberately lunged at the corner of my eyes at fast speed repeatedly. The clerks at the registers deliberately and purposely exaggerated their body movements and flicked their heads wildly, while I am trying to pay for my groceries. For example, March 30, 2016, the clerk flicked her head wildly, while I was waiting for her to process payment for the groceries. Another example, April 10, 2016, a different clerk flicked and moved her head wildly, while I was waiting for her to process the payment for groceries. Compl. at ¶ 4.3.1

I noticed the employees conduct differed significantly with white patrons as compared to me. None of the employees blocked the aisles or lunged at the corner of the eyes of the white patrons. In addition, when I am in line for the register, I noticed that none of the employees exaggerated their body movements and flicked their heads wildly when white patrons are paying for their groceries. February 9, 2016, a white women wearing a pink shirt and a man with gray shorts and gray shirt were at the register paying for their groceries and both were wearing sunglasses with cameras. The clerk at the registered did not engaged in any predatory and hostile behavior of flicking and moving her head wildly. But, the clerk went wild flicking and moving her head wildly when it was my turned to pay for my groceries. Compl. at ¶ 4.3.2.

March 6, 2016, Defendant Wallie Hamed approached me after I paid for my groceries and was exiting the store. Mr. Hamed explained that he noticed me recording inside the store and that he doesn't want me to record inside the store anymore. Further, he stated that he would ask me to leave the store next time I record inside the store. I ignored him and kept walking. That day, Mr. Hamed took no actions about the white patrons that were harassing and recording me in the store. He did not ask them to stop harassing and recording in the store and the employees of Moe's Fresh Market were allowed to harass me in the store and interfered with my grocery purchases. Compl. at ¶ 4.4.1

April 10, 2016, Defendant Wallie Hamed followed me throughout the entire store and harassed me. I explained to him that I am not stealing and that I can afford to pay for the groceries. Mr. Hamed stated that "I told you that you are not allowed in here with a camera and you have a camera on your glasses." He repeatedly asked me to leave the store but I refused and requested that he call the police because I have the right to record criminal activities that are taking placed inside the store. He stated that "I am not going to leave you." He stood beside me

13

as I selected each items from the rack and placed them on the shopping cart. Then, Mr. Hamed followed me to the register and stood next to me as I waited to pay for my groceries and the entire time he deliberately and purposely flicked and moved his head wildly, each time I looked up. Finally, Defendant Wallie Hamed followed me outside of the store and stated that I would not be allowed to shop at the store next time. Mr. Hamed took no actions against the white patrons that were in the store harassing, stalking and recording me with cameras and smart phones. Compl. at ¶ 4.4.2

April 11, 2016, I went to purchase groceries at Moe's Fresh Market and I was selecting grocery items and placing each in a shopping cart when Defendant Wallie Hamed appeared and stated "I told you that you are not welcome here and I already called the police." I ignored him and continued to shop. I selected several baby Spanish items, Hill Farm slice turkey, and bread and place the items in my shopping cart. When I arrived at the register, Mr. Hamed was standing there waiting for me. He instructed the clerk at the registered not to service me. Then, he stated that I need you to leave the store because you are not allowed to shop here. I ignored him and placed the grocery items on the converter belt and repeatedly requested to pay for the grocery items. I stood there for 5 minutes waiting for the clerk to service me and the police to arrive so I can explain to the police the criminal activities that have been taking place in the store. While, I was waiting for the police, Mr. Hamed and the employees continuously flicked and moved their heads wildly. I became frustrated and exited the store without the grocery items. Defendant Wallie Hamed followed me outside and stated that you are not allowed to shop here. I explained to the Mr. Hamed that he is discriminating against me because I am black, Mr. Hamed than pointed to a notice on the door that states that the store has the right to refuse business. Several

times, I asked Defendant Wallie Hamed why he is refusing to service me and finally Mr. Hamed stated "you are not welcome here; thank you for your visit." Compl. at ¶ 4.4.3.

Defendant Wallie Hamed never refused any of the white patrons' business even though they came in the store to harass, stalk and record me with cameras and smart phones. He never said a word to these white patrons and always allowed them to pay for their groceries. More importantly, he never took any actions about the criminal activities that were taking place inside the store. Compl. at ¶ 4.4.4.

## SUMMARY OF THE ARGUMENT

The District Court erred when it ruled that the motion for temporary restraining order, preliminary and permanent injunction was without notice. I provided actual notice to Defendants of Complaint, Summons and motion for temporary restraining order, preliminary and permanent injunction.

Although, defendants Moe's Fresh Market and Wallie Hamed have not been served by the process server, August 11, 2016, I sent a copy of the Amended Complaint and Summons to the Wallie Hamed and Moe's Fresh Market by certified mail, return receipt requested. Further, Defendants' attorney on record responded to the complaint. In addition, September 6, 2016, I sent an exact copy of the motion by first class U.S. Mail to Defendants'attorney on record. The Supreme Court has recognized notice by mail as sufficient to provide actual notice of an action. See *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct.1340, 1347, 99 L. Ed. 2d 565 (1988). Therefore, defendants Wallie Hamed and Moe's Fresh Market are not prejudice in anyway because they have noticed and could have been heard on the motion.

Defendants violated U.S.C § 1981 and § 2000(a) when they permanently banned me from the store and harass, and intimidate to prevent me from shopping in the store because I am black. As a consequence of defendants conduct, I have suffered with severe emotional distress, humiliation, and anxieties.

I will succeed on all claims against Defendants because they violated federal and U.S. Virgin laws against discrimination. Defendants' conducts have caused me irreparable harm in that I have been denied access and when access was provided to me, it was not on equal terms and conditions as others who are not member of the protected class. As a result, I have suffered

16

with severe emotional distress, humiliation, anxieties, and nausea. Further, if this Court grants me the motion for temporary restraining order Defendants will not be harmed in any way and it is in the public interest that everyone have access to public accommodation without been discriminated against because of race.

The District Court committed reversible error when it ruled that the motion for temporary, preliminary and permanent injunction was without notice and denied the motion. Therefore, the Third Circuit Court of Appeals should reverse the District Court ruling denying motion for temporary, preliminary and permanent injunction.

## STANDARD OF REVIEW

An order denying a motion for a temporary restraining order is not appealable. *Vuitton v. White*, 945 F. 2d 569, 573 (3d Cir.1991). However, September 6, 2016, I petitioned the District Court for temporary, preliminary and permanent restraining order. The motion was titled as such and in the relief section, I specifically requested reliefs for temporary restraining order, preliminary and permanent injunction, so I can have accessed to the store. Therefore, it is not clear to me why the District Court only considered the temporary restraining order and not the permanent injunction. Since the standard is the same for a temporary and permanent restraining order when notice is provided to the Defendants, the District Court could have provided relief for either a temporary restraining order or a permanent restraining order. "[W]hen the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." *Brown v. City of Pittsburgh*, 586 F.3d 263, 268 (3d Cir. 2009), *Carabello v. Beard*, 2008 WL 597722 (E.D.Pa.2008), (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2951.).

When notice is provided to the none moving party, the court reviews the temporary restraining order as an application for preliminary injunction. Therefore, a petitioner must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. (J. Gomes, Order denying motion for injunctive relief, citing *Gerardi v Pellullo*, 16 F. 3d 1363, 1373 (3d Cir. 1994) describing the factors for issuing preliminary injunction.). Further, this Court stated that "We generally review a district court's denial of preliminary

injunction for abuse of discretion but review the underlying factual finding for clear error and examine legal conclusions de novo. *Brown*, 586 F.3d 263, 268 (3d Cir. 2009).

## ARGUMENT

## THE DISTIRCT COURT ERRED WHEN IT RULED THAT DEFENDANTS DID NOT HAVE NOTICE OF THE TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

The District Court erred when it ruled that Defendants did not have notice of the temporary restraining order, preliminary and permanent injunction. Although Defendants have not been served by the process server, Defendants have actual notice of the motion for temporary restraining order, preliminary and permanent injunction because I made certificate of service to the District Court on September 6, 2016, that, I filed the motion with the Clerk and the court sent a notification of this filing to all electronic filing users, including defendants' counsel on record. In addition, on that same day, I sent an exact copy of the documents by firs class U.S. Mail to Defendants' counsel on record. Therefore, I have met the notice requirement. Accordingly, the District Court determination that Defendants did not have notice is erroneous.

Notice by mail is sufficient notice because the U.S. Supreme Court has recognized that notification by mail is sufficient to provide actual notice of a pending action. See *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct.1340, 1347, 99 L. Ed. 2d 565 (1988). In that case, the Supreme Court stated that "we have repeatedly recognized that mail services is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." The evidence in this case is overwhelming that Defendants have actual notice, August 11, 2016, I sent a copy of the Complaint and Summons by certified mail and return receipt requested to the Defendants' address and Defendants' counsel on record has already filed an answer to the complaint. Thus, it is beyond any doubt Defendants have actual notice of the Complaint, Summons, and motion for temporary restraining order, preliminary and

permanent injunction. Therefore, the District Court erred when it concluded that Defendants did

not have notice of the motion for temporary restraining order, preliminary and permanent

injunction.

## THE DISTRICT COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

The District Court erred when it denied the motion for temporary restraining order,

preliminary and permanent injunction against defendants Moe's Fresh Market and Wallie Hamed

to prevent them from continuing to violate 42 U.S.C. § 1981 and 42 U.S.C. § 2000(a). Wallie

Hamed, owner of Moe's Fresh Market permanently banned me from shopping at the store for

groceries because I am not welcome at the store because I am black. As a consequence,

Defendants are denying me access and proper nutrition as compare to others who are not

members of the protected class. I have not been permitted in the store to buy groceries since

April 11, 2016.

Section 2000(a), Title II of the Civil Right Act states the following:

**(a) Equal access**
All persons shall be entitled to the full and equal enjoyment of the goods, services,
facilities, privileges, advantages, and accommodations of any place of public
accommodation, as defined in this section, without discrimination or segregation on the
ground of race, color, religion, or national origin.

42 U.S. Code § 2000(a). This statute creates a private cause of action to remedy discrimination in

public accommodations affecting interstate commerce. *Callwood v. Dave & Buster's, Inc.*, 98 F.

Supp.2d 694, 708-709 (D.Md.2000). Both Injunctive relief and declaratory relief are available in

addition to attorney's fees may be awarded to a prevailing plaintiff. Id. To state a claim for

injunctive relief a plaintiff must allege "real or immediate threat that the plaintiff will be

wronged again-a likelihood of substantial and immediate irreparable injury." *Brooks v. Collis Foods, Inc.*, 365 F.Supp.2d 1342, 1350 (N.D.Ga.2000). Further plaintiff must allege that the discrimination is continuous and ongoing. See *Joseph v. New York Yankees Partnership*, 2000 WL 1559019, at 5 (S.D.N.Y.2000), "[a] plaintiff must set forth the likelihood of a future encounter with the defendant which is likely to lead to a similar violation of some protected right."

## I.    INJUNCTIVE RELIEF UNDER SECTION 2000(a)

### A. Real or Immediate Threat that I will Be Wronged Again

Wallie Hamed permanently band me from shopping at Moe's Fresh Market in violation of Section 2000(a). I stated in the complaint that Wallie Hamed, his employees and a group of individuals from Sapphire Beach Resort & Marina, and Sapphire Village, including my neighbors harassed, stalked and intimated me when I am shopping in the store to prevent me from returning to the store because I am black. Compl. at ¶ 4. Further, Wallie Hamed, his employees and group of individuals repeated their conducts each time I went to the store to shop from October 2015 through April 2016. Id.  On April 10, 2016, Mr. Hamed stated that I will not be allowed to shop at Moe's Fresh Market. Then, he stalked me as I was in the process of selecting groceries and repeatedly asked me to leave the store without completing my purchase. Id. Finally, when I was exiting the store Mr. Hamed stated that you will not be allowed to shop here next time. But, on April 11, 2016, I returned to buy groceries and Mr. Hamed denied me access to the store and he became even more hostile. Id. Mr. Hamed called the police on me, while his employees and him were engaging in criminally aggressive pattern or course of conduct flicking and moving their heads wildly each time, I looked up. Further, Mr. Hamed followed me outside and pointed to a sign that states "the store has the right to refuse business''.

When, I asked why he is refusing my business, Mr. Hamed stated that "you are not welcome here, thank you for your visit." Compl. at ¶ 4. I am not welcome in the store because I am black. Other customers that are not members of the protected class were allowed in the store with recording devices, including smartphones with cameras.

### B. Likelihood of Substantial and Immediate Irreparable Injury

I have been denied and continue to be denied access and proper nutrition because of Wallie Hamed and his employees and a group of individuals racially motivated conducts toward me in the store. I don't own a car and Moe's Fresh Market is the only grocery store that is walking distance from my home. Therefore, this court should grant me injunctive relief so I can have access and proper nutrition as other members of the public who are not part of the protected class.

## II.     TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

### A. I Am Likely to Succeed On All Claims Against the Defendants Because Their Conducts Violate Clearly Established Federal Laws and U.S. Virgin Island Laws.

I will succeed on all claims against all of the Defendants because Defendants have and continue to violate clearly established federal laws against discrimination and U.S. Virgin Island laws against discrimination by refusing to grant me access to the store because I am black. As a consequence, of the Defendants' conducts, I have suffered with severe emotional distress, humiliation, worries and anxieties.

**B. I Have and Will Continue to Suffered Irreparable Injury Such as Severe Emotional Distress, Harassment, Humiliation, Intimidation If the Relief Is Not Granted.**

The injury is the fact that Defendant permanently banned me from the store because I am black and provided access that is not on the same terms and conditions as other members of the public who are not members of the protected class. When Defendants denied me access to the store because I am black it is an explicit statement that I am not equal to others who are not members of the protected class that have accessed to the store and that I can be humiliated, intimidated and refused access because I am black. As such, I have and will continue to suffer severe emotional distress, humiliation, and anxieties.

**C. Less Harm Will Result to The Non-Movant If the Relief Is Granted Than the Movant If the Movant If the Relief Is Not Granted**

Defendant and his employees criminally aggressive conducts to intimidate and prevent me from shopping in the store serve absolutely no purpose. Therefore, Defendant would not be harm in any way if this Court grant me relief other than a slight sting to their egos. On the other hand, I will be deprived of my constitutional right provided by Congress for me to have equal accessed to accommodation and be treated on the same terms and conditions as others who are not members of the protected class.

**D. The Public Interest, If Any Weights in Favor of the Movant**

It is in the public interest for this Court to ensure that everyone has equal accessed to accommodation without harassment and intimidation because of race.

24

## CONCLUSION

The District Court committed reversible error when it ruled that motion for temporary restraining order was without notice. I have shown that Defendants received actual notice of the Complaint, Summons and motion for temporary restraining order, preliminary and permanent injunction. Therefore, the district court should have granted the motion for temporary restraining order. The District Court's decision denying my motion for temporary restraining order should be reverse by the Third Circuit Court of Appeals.

Respectfully submitted,

This 19th day of September 2016

X _____
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Brief to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

Wilfredo A. Geigel, Esq.

5020 Anchor Way/P.O. Box 25749

Gallows Bay, St. Croix

U.S. Virgin Islands 00824

This the 19th day of September 2016.

X _____

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

**No. 16-3602**

**Caption: Dorval v. Moe's Fresh Market**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**Certificate of Compliance With Type-Volume Limitation,**

**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    [ x ]    this brief contains 4498 <state the number of> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    []    this brief uses a monospaced typeface and contains <state the number of> lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [x]    this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 12 pt., Times New Roman <state font size and name of type style>, *or*

    []    this brief has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date: September 19, 2016

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Islands 00802

(917) 602-3354

Dorval.wilnick@gmail.com

No. 16-3602

# United States Court of Appeals
# for the Third Circuit

Wilnick Dorval,

*Plantiff-Appellant,*

v.

Moe's Fresh Market and Wallie Hamed

*Defendant-Appellee.*

On Appeal from the United Stated District Court of the Virgin Islands

For the District of St. Thomas and St. John

# APPENDIX OF APPELANT

VOLUME 1

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, U.S. Virgin Island 00802

(917) 602-3354

Dorval.wilnick@gmail.com

1

# TABLE OF CONTENTS

1. NOTICE OF APPEAL AS TO ORDER BY WILNICK

   DORVAL…………………………………………………..……..         1

2. ORDER THE MOTION FOR TEMPORARY RESTRAINING

   ORDER IS DENIED …………………………………………….…..        3

3. CERTIFIED CIVIL DOCKET FOR CASE # 3:16-CV-00061-CVG-RM        5

4. MOTION FOR TEMPORARY RESTRAINING ODER BY

   PLAINTIFF WILNICK DORVAL…………………………………….        8

5. WITHDRAW CORRECTION OF CERTIFICATIO OF SERVICE

   FOR MOTION TO DISMISS………………………………………….       13

6. REPLY TO OPPOSITION TO MOTION IN OPPOSITION TO

   MOTION MEMORANDUM IN SUPPURT OF OPPOSITION

   FILED BY DEFENDANT MOE'S FRESH MAKRET……………        16

7. OPPOSITION TO MOTION TO DISMISS FOR LACK OF

   JURISDICTION BY PLAINTIFF WILNICK DORVAL ………….       19

8. MOTION TO DISMISS FOR LACK OF JURISDICTION BY

   DEFENDANT MOE'S FRESH MARKET…………………………       36

9. NOTICE OF APPEARANCE BY WILFREDO A GEIGEL

   ON BEHALF OF DEFENDANTS WALLIE HAMED, AND

   MOE'S FRESH MARKET…………………………………………….       40

10. NOTICE OF FILING OF OFFICIAL TRANSCRIPT OF PROCEEDING

    HELD ON 08/09/2016 BEFORE JUDGE RUTH MILLER…………..      42

11. AMENDED COMPLAINT AGAINST MOE'S FRESH MARKET

    BY PLAINTIFF WILNICK DORVAL……………………………….    55

This the 19th day of September 2016.

X _____
Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on this date I am causing this Brief to be filed by sending it to the

Clerk of the Third Circuit Court of Appeals by certified mail, return receipt requested and I

hereby certify that I mailed an exact copy by first class U.S. Mail to the following:

Wilfredo A. Geigel, Esq.

5020 Anchor Way/P.O. Box 25749

Gallows Bay, St. Croix

U.S. Virgin Islands 00824

This the 19th day of September 2016.

X _____

Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

4

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Wilnick Dorval | ) |
| | ) |
| **Plaintiff(s)** | ) |
| | ) |
| v. | ) |
| | ) **Case No. 2016-61** |
| Moe's Fresh Market and Wallie Hamed | ) |
| | ) |
| **Defendant(s)** | ) |
| | ) |

### NOTICE OF APPEAL

Notice is hereby given that Wilnick Dorval, Plaintiff-Appalant in the above named case,

hereby appeals to the United States Court of Appeals for the Third Circuit from an order of

Judgment denying motion for temporary restraining order entered in this action on September 9,

2016, by the Honorable Curtis V. Gomes, United Stated District Judge.


Date:  September 12, 2016

Wilnick Dorval

6700 Sapphire Village
Apt 265
St. Thomas, U.S. Virgin Island 00802
Dorval.wilnick@gmail.com
(917) 602-3354

1

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2016, I filed the foregoing document with the Clerk of the

Court personally, the court will send a notification of this filing to all electronic filing users, and I

hereby certify that on that same day, I mailed a copy of the notice of appeals to serve Defendants

by first class U.S. Mail on the following:

Wilfredo A. Geigel, Esq.
5020 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix 00824

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **WILNICK DORVAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil No. 2016-61** |
| | ) |
| **MOE'S FRESH MARKET, WALLIE HAMED** ) |
| | ) |
| **Defendants.** | ) |

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Wilfredo A. Geigel**
Law Offices of Wilfredo Giegel
St. Croix, U.S.V.I.
    *For Moe's Fresh Market and Wallie Hamed.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the request of the plaintiff, Wilnick

Dorval, for a temporary restraining order.

A temporary restraining order may be issued without notice

to an adverse party or her attorney only if the petitioner avers

to specific facts in a verified complaint or affidavit "that

clearly shows that immediate and irreparable injury, loss, or

damage will result to the movant before the adverse party can be

heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally,

the petitioner must show: (1) a reasonable probability of

*Dorval v. Moe's Fresh Market, et al*
Civ. No. 2016-61
Order
Page 2

success on the merits; (2) irreparable injury will occur to the

movant if relief is not granted; (3) less harm will result to

the non-movant if the relief is granted than to the movant if

the relief is not granted; and (4) the public interest, if any,

weighs in favor of the movant. *Gerardi v. Pelullo*, 16 F.3d 1363,

1373 (3d Cir. 1994) (describing factors for issuing preliminary

injunction); *see also Bieros v. Nicola*, 857 F. Supp. 455, 456

(E.D. Pa. 1994) (noting that the standards for issuing a

temporary restraining order are identical to those for the

issuance of a preliminary injunction).

      The premises considered; it is hereby

      **ORDERED** that the motion for a temporary restraining order

is **DENIED**.

                                   S_____

                                        **Curtis V. Gómez**
                                        **District Judge**

APPEAL,NON-PRISONER PRO SE,PRO SE ELECTRONIC FILER

**District Court of the Virgin Islands**
**District of the Virgin Islands (St. Thomas Division)**
**CIVIL DOCKET FOR CASE #: 3:16-cv-00061-CVG-RM**
**Internal Use Only**

Dorval v. Moe's Fresh Market
Assigned to: District Judge Curtis V. Gomez
Referred to: Magistrate Judge Ruth Miller
Cause: 28:1343 Violation of Civil Rights

Date Filed: 07/18/2016
Jury Demand: Plaintiff
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Diversity

**Plaintiff**

**Wilnick Dorval**

represented by **Wilnick Dorval**
6700 Sapphire Village
St.Thomas, VI 00802
Email: dorval.wilnick@gmail.com
PRO SE

V.

**Defendant**

**Moe's Fresh Market**

represented by **Wilfredo A Geigel**
Law Offices of Wilfredo Geigel
P.O. Box 25749
20 Anchor Way, 2d Fl., Gallows Bay
St Croix, VI 00824
340-778-8069
Email: wageigel@gmail.com
*ATTORNEY TO BE NOTICED*

CERTIFIED A TRUE COPY THIS
15 DAY OF _____ 20__
GLENDA L. LAKE, ESQ.
CLERK OF COURT
BY _____
DEPUTY

**Defendant**

**Wallie Hamed**

represented by **Wilfredo A Geigel**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2016 | 1 | COMPLAINT against Moe's Fresh Market filed by Wilnick Dorival.(Paid Receipt # 300004912) (Attachments: # 1 Civil Cover Sheet) (KAB) (Entered: 07/19/2016) |
| 07/18/2016 | 2 | Summons Issued as to Moe's Fresh Market. (KAB) (Main Document 2 replaced on 9/1/2016) (KAB). (Entered: 07/19/2016) |
| 07/25/2016 | 3 | MOTION to Amend Complaint 1 Complaint by Plaintiff Wilnick Dorval. (KAB) (Entered: 07/25/2016) |
| 07/25/2016 | 4 | AMENDED COMPLAINT against Moe's Fresh Marketfiled by Wilnick Dorval. (Attachments: # 1 Exhibit Red Line Complaint, # 2 Civil Cover Sheet) (KAB) (Main Document 4 replaced on 9/6/2016) (KAB). (Entered: 07/25/2016) |
| 07/25/2016 | 5 | Summons Issued as to Wallie Hamed. (KAB) (Entered: 07/25/2016) |

| 07/27/2016 | 6 | ORDER (RM): Status Conference set for 8/9/2016 at 10:15 AM in STT Courtroom 2 before Magistrate Judge Ruth Miller. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (AO) (Entered: 07/27/2016) |
| 07/27/2016 | 7 | **HARD COPY NOTICE of filing** certified mail sent to Wilnick Dorval Related Document: 6 (KAB) (KAB). (Entered: 07/27/2016) |
| 07/29/2016 | 8 | NOTICE to Parties of Consent and Reference of A Civil Action to Magistrate Judge and attached to each summons issued (KAB) (Entered: 07/29/2016) |
| 08/09/2016 | 🔒 9 | Minute Entry for proceedings held before Magistrate Judge Ruth Miller: Status Conference held on 8/9/2016. (Tape #FTR.) (KAB) (Entered: 08/10/2016) |
| 08/15/2016 | 10 | TRANSCRIPT REQUEST for proceedings held on August 9,2010 before Judge Ruth Miller.. (KAB) (Entered: 08/15/2016) |
| 08/15/2016 | 11 | TRANSCRIPT REQUEST for proceedings held on August 9,2016 before Judge Ruth Miller.. (KAB) (Entered: 08/15/2016) |
| 08/22/2016 | 🔒 12 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 08/09/16, before Judge Ruth Miller. Court Reporter/Transcriber Tracy Gribben Transcription, Telephone number 800-603-6212. Tape Number: ftr gold. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/15/2016. Redacted Transcript Deadline set for 9/26/2016. Release of Transcript Restriction set for 11/25/2016. (Gribben, Terry) (Entered: 08/22/2016) |
| 08/25/2016 | 13 | NOTICE of Appearance by Wilfredo A Geigel on behalf of Defendants Wallie Hamed, Moe's Fresh Market (Geigel, Wilfredo) (Entered: 08/25/2016) |
| 08/25/2016 | ➡ 14 | MOTION to Dismiss for Lack of Jurisdiction by Defendant Moe's Fresh Market. (Geigel, Wilfredo) (Entered: 08/25/2016) |
| 08/29/2016 | | **NOTICE OF CORRECTED DOCKET ENTRY Re: Proposed order is needed 14 MOTION to Dismiss for Lack of Jurisdiction . (KAB) (Entered: 08/29/2016)** |
| 08/30/2016 | 15 | NOTICE of Filing Proposed Order for Defendants Motion to Dismiss by Moe's Fresh Market re 14 MOTION to Dismiss for Lack of Jurisdiction (Attachments: # 1 Exhibit) (Geigel, Wilfredo) (Entered: 08/30/2016) |
| 08/30/2016 | 16 | Summons Issued as to Moe's Fresh Market. (KAB) (Entered: 09/01/2016) |
| 09/01/2016 | 17 | Summons Issued as to Moe's Fresh Market. (KAB) (Entered: 09/02/2016) |
| 09/01/2016 | 18 | Summons Issued as to Wallie Hamed. (KAB) (Entered: 09/02/2016) |
| 09/06/2016 | | **NOTICE OF CORRECTED DOCKET ENTRY DOCUMENT NOT SIGNED Re: 4 Amended Complaint. (KAB) (Entered: 09/06/2016)** |
| 09/06/2016 | ➡ 19 | MOTION for Temporary Restraining Order by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/06/2016) |
| 09/06/2016 | 20 | MEMORANDUM in Support re 19 MOTION for Temporary Restraining Order filed by Plaintiff Wilnick Dorval. (Attachments: # 1 Text of Proposed Order) (KAB) (Entered: 09/06/2016) |
| 09/06/2016 | 24 | Summons Issued as to Wallie Hamed. (KAB) (Entered: 09/09/2016) |
| 09/07/2016 | 21 | Opposition to Motion re 14 MOTION to Dismiss for Lack of Jurisdiction filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
| 09/07/2016 | 22 | MEMORANDUM in Support of Opposition re 14 MOTION to Dismiss for Lack of |

| | | Jurisdiction filed by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/08/2016) |
|---|---|---|
| 09/07/2016 | 23 | CORRECTED CERTIFICATE OF SERVICE for motion for temporary Restraining order preliminary and permanent injunction filed by Wilnick Dorval (KAB) (Entered: 09/08/2016) |
| 09/09/2016 | 25 | ORDER (CVG) The motion for temporary restraining order 19 is DENIED. (BRW) (Entered: 09/09/2016) |
| 09/09/2016 | 26 | WITHDRAW OF CORRECTED CERTIFICATE OF SERVICE for Motion for Temporary Restraining Order,Preliminary and Permanent Injunction filed by Wilnick Dorval (KAB) (Entered: 09/12/2016) |
| 09/12/2016 | | **HARD COPY NOTICE of filing** was hand delivered to Wilnick Dorval at the District Court Related Document: 25 (KAB) (Entered: 09/12/2016) |
| 09/12/2016 | 27 | NOTICE OF APPEAL as to 25 Order by Wilnick Dorval. Filing fee paid Receipt #300004971 (KAB) Modified on 9/13/2016 (KAB). (Entered: 09/12/2016) |
| 09/12/2016 | 28 | MOTION for permission to use electronic case filing. by Plaintiff Wilnick Dorval. (KAB) (Entered: 09/12/2016) |
| 09/13/2016 | 29 | REPLY to Opposition to Motion re 21 Opposition to Motion, 22 Memorandum in Support of Opposition filed by Defendant Moe's Fresh Market. (Geigel, Wilfredo) (Entered: 09/13/2016) |

Case: 16-3602    Document: 003112449744    Page: 40    Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM   Document #: 19   Filed: 09/06/16   Page 1 of 5

1

**THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

**WILNICK DORVAL**

**Plaintiff,**

**v.**

**MOE'S FRESH MARKET, Wallie Hamed**

**Defendants**

**Civil No.2016-61**

**September 6, 2016**

## MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

Now comes the plaintiff Wilnick Dorval, acting Pro Se and moves this Honorable Court pursuant

to Federal Rule of Civil Procedure 65 U.S.C §§ 1331-1332 to issue a Temporary Restraining Order

against Defendants Moe's Fresh Market and Wallie Hamed to prevent Defendants from continuing to

violate 42 U.S.C. § 2000(a).

Case: 16-3602    Document: 003112449744    Page: 41    Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM    Document #: 19    Filed: 09/06/16    Page 2 of 5

2

Wallie Hamed, owner of Moe's Fresh Market permanently bannw22`     `ed me from shopping at the store for groceries because I am not welcome at the store because I am black. As a consequence, the defendants are denying me access to proper nutrition.

Section 2000(a), Title II of the Civil Right Act states the following:

> (a) Equal access
> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S. Code § 2000a. This statute creates a private cause of action remedy discrimination in public accommodations affecting interstate commerce. Callwood, 98 F. Supp.2d 694, (D.Md.2000). Both injunctive relief and declaratory relief are available in addition to attorney's fees may be awarded to a prevailing plaintiff. Id. To state a claim for injunctive relief a plaintiff must allege "real or immediate threat that the plaintiff will be wronged again-a likelihood of substantial and immediate irreparable injury." Brooks, 365 F.Supp.2d 1342. Further plaintiff must allege that the discrimination is continuous and ongoing. See Joseph, 2000 WL 1559019 (S.D.N.Y.2000), "[a] plaintiff must set forth the likelihood of a future encounter with the defendant which is likely to lead to a similar violation of some protected right."

## A. Real or Immediate Threat that I will Be Wronged Again

Wallie Hamed permanently band me from shopping at Moe's Fresh Market in violation of Section 2000(a).    I stated in the complaint that Wallie Hamed, his employees and a group of individuals from Sapphire Beach Resort & Marina, and Sapphire Village, including my neighbors harassed, stalked and intimated me when I am shopping in the store to prevent me from returning to the store because I am

black. Compl. at ¶ 4. Further, Wallie Hamed, his employees and group of individuals repeated their conducts each time I went to the store to shop from October 2015 through April 2016.    On April 10, 2016, Mr. Hamed stated that I will not be allowed to shop at Moe's Fresh Market. Then, he stalked me as I was in the process of selecting groceries and repeatedly asked me to leave the store without completing my purchase. Finally, when I was exiting the store Mr. Hamed stated that you will not be allowed to shop here next time. But, on April 11, 2016, I returned to buy groceries and Mr. Hamed denied me access to the store and he became even more hostile. Mr. Hamed called the police on me, while his employees and him were engaging in criminally aggressive pattern or course of conduct flicking and moving his head wildly each time, I looked up. Further, Mr. Hamed followed me outside and pointed to a sign that states "the store has the right to refuse business". When, I asked why he is refusing my business, Mr. Hamed stated that "you are not welcome here, thank you for your visit." Compl. at ¶ 4. I am not welcome in the store because I am black. Other customers that are not members of the protected class were allowed in the store with recording devices, including smartphones with cameras.

### B. Likelihood of Substantial and Immediate Irreparable Injury

I have been denied and continue to be denied access to proper nutrition because of Wallie Hamed and his employees and a group of individuals racially motivated conducts toward me in the store. I don't own a car and Moe's Fresh Market is the only grocery store that is walking distance from my home. Therefore, this court should grant me injunctive relief so I can have access to proper nutrition as other members of the public who are not part of the protected class.

### REQUEST FOR RELIEF

Case: 16-3602    Document: 003112449744    Page: 43    Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM   Document #: 19   Filed: 09/06/16   Page 4 of 5

4

WHEREFORE, I request the following relief:

1.  For Temporary Restraining Order, Preliminary and Permanent Injunctive relief including but not limited to, an order enjoining Defendants Moe's Fresh Market and Wallie Hamed from taking any steps, to directly or indirectly, interfere with my right to access the store, on the same terms as individuals that are not members of the protected class.

2.  For Temporary Restraining Order, Preliminary and Permanent Injunctive relief including but not limited to, an order enjoining Defendants Moe's Fresh Market and Wallie Hamed from taking any steps, to directly or indirectly stalked, harassed and intimidated me in the store;

    A proposed form of order is attached hereto.

Dated: September 6, 2016

Wilnick Dorval

6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

## CERTIFICATE OF SERVICE

I certify that I on September 6, 2016, I filed motion for Temporary Restraining Order with the Clerk of the Court in person, and sent a copy by first class mail to the following:

Wilfredo A. Geigel, Esq.

Case: 16-3602 Document: 003112449744 Page: 44 Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM Document #: 19 Filed: 09/06/16 Page 5 of 5

5

**5020 Anchor Way/P.O. Box 25749**

**Gallows Bay, St. Croix**

**Wilnick Dorval**
**6700 Sapphire Village**
**Apt 265**
**St. Thomas, 00802**
**Phone: (917) 602-3354**
**Dorval.wilnick@gmail.com**

1

THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

DISTRICT OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL

Plaintiff,

v.

MOE'S FRESH MARKET, Wallie Hamed

Defendants

Civil No.2016-61

September 9, 2016

WITHDRAW OF CORRECTION CERTIFICATE OF SERVEICE FOR MOTION FOR TEMPORARY

RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

NOW COMES, Plaintiff Wilnick Dorval, acting Pro se, state the following:

The correction to the certificate of service was not necessary because on September 6, 2016, a

copy of the motion for Temporary Restraining Order was sent by U.S. Mail, first class, to the Defendant

through his counsel on record. Thus, I withdraw my correction to the certificate of service.

2

Dated: September 9, 2016

**Wilnick Dorval**

**6700 Sapphire Village**

**Apt 265**

**St. Thomas, 00802**

**Phone: (917) 602-3354**

**Dorval.wilnick@gmail.com**

### CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016, I filed the foregoing document with the Clerk of the Court

personally, the court will send a notification of this filing to all electronic filing users, and I hereby

certify that I mailed a copy to the following:

Wilfredo A. Geigel, Esq.

5020 Anchor Way/P.O. Box 25749

Gallows Bay, St. Croix

U.S. Virgin Islands 00824

Case: 16-3602    Document: 003112449744    Page: 47    Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM   Document #: 26   Filed: 09/09/16   Page 3 of 3

3

**Wilnick Dorval**

**6700 Sapphire Village**

**Apt 265**

**St. Thomas, 00802**

**Phone: (917) 602-3354**

**Dorval.wilnick@gmail.com**

IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL ............................ )
........................................................... )    CASE NO.: 3-16-CV-00061-WAL-RM
........................................................... )
.............................................. Plaintiff, )
........................................................... )
........................... v. .......................... )
........................................................... )
MOE'S FRESH MARKET AND WALLIE )
HAMED ................................................ )
........................................................... )
..................................... Defendants. )
........................................................... )
_____ )

## **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DIMISS**

COME NOW, Defendants, represented by the undersigned counsel and respectfully state:

Plaintiff in his response to the Motion to dismiss has reduced the jurisdictional issue to Section 1981 of Title 42 which prohibits discrimination in the making and enforcing of contracts.

In his complaint, plaintiff makes reference to several jurisdictional statutes, none of which are applicable in this case and neither in Section 1981 a proper basis for jurisdiction in this case.

Plaintiff's complaint and opposition to the Motion to dismiss appear to imply that Mr. Dorval is the only black person which goes to Moe's Fresh Market to purchase groceries. This seems extremely unusual in a community made of mostly of black people; therefore, plaintiff does not comply with item 1 of Section 1981 that he is a member of a racial minority. Blacks are definitely not a racial minority in St. Thomas nor the Virgin Islands.

Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Wilnick Dorval v. Moe's Fresh Market and Wallie Hamed
Page 2

     Another extraordinary factor which plaintiff alleges in his complaint and his opposition is that he was not only humiliated and frighten by the employees of the store, but by a group of individuals from Sapphire Village including his neighbors. This allegation seems to make plaintiff's cause of action more implausible.

     Plaintiff does not explain his assertion on page 9 of his opposition of why employees of the store and a group of individual from Sapphire Village including some of his neighbors will go to the store to engage in criminally aggressive and predatory course or pattern of conducts to intimidate him. Plaintiff does not indicate whether the employees, the group from Sapphire Village and his neighbors were black or from another ethnicity. If they are black, why would they do that to one of them. Some other statements made on page 14 of the opposition regarding employees hiding in the isle and deliberately lunging at the corner of his eyes; when he looked up or that the employees deliberately flicked and exaggerated their body movements when he was looking, seem very rare and extremely implausible.

     For the last event claimed, plaintiff indicates that Mr. Hamed called the police to remove him from the store. It appears that the most probable ethnicity of the police called in was black and therefore it will be very implausible that the treatment claimed would have been permitted by members of his own class.

     **WHEREFORE,** it is respectfully requested that the Motion to Dismiss be Granted.

Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Wilnick Dorval v. Moe's Fresh Market and Wallie Hamed
Page 3

Respectfully submitted,

LAW OFFICES OF WILFREDO A. GÉIGEL
Attorneys for **DEFENDANTS**

By: /s/ Wilfredo A. Géigel
      Wilfredo A. Géigel, Esq.
      VI Bar No. 197
Dated: September 13, 2016      5020 Anchor Way/P.O. Box 25749
      Gallows Bay, St. Croix
      U.S. Virgin Islands 00824
      Tel: (340) 778-8069 / Fax (340) 773-8524
      wageigel@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th, day of September, 2016, I electronically

filed the foregoing with the Clerk of the Court using CM/ECF system, and sent a copy

via mail to plaintiff at:

Milnick Dorval
6700 Sapphire Village
Apartment 265, St. Vincent Building
St. Thomas, VI  00802

/s/ Wilfredo A. Géigel, Esq.

THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

DISTRICT OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL

Plaintiff,

v.

MOE'S FRESH MARKET, Wallie Hamed

Defendants

Civil No.2016-61

September 7, 2016

**PLAINTIFF MOTION IN APPOSITION OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW I, Wilnick Dorval, acting Pro Se, respectfully state:

This court should deny defendants Moe's Fresh Market and Wallie Hamed's motion to

dismiss because the Complaint sufficiently state a claim for relief and this court has subject

matter jurisdiction based on federal question. Defendant Wallie Hamed, owner of Moe's Fresh

Market, his employees and a group of individuals from Sapphire Village, including my neighbors

prevented me and interfered with my attempt to purchase groceries in several occasions

because I am black. I am a naturalize U.S. Citizen of Haitian decent.  Further, Defendants have

intentionally discriminated against me in many ways including but not limited to hostile

1

treatment in the store that interfered with my ability to purchase groceries and actually

prevented me from paying for my groceries by ejecting me from the store because I am black.

As a consequence, I suffered with severe emotional distress.

Defendants in their response contends that this court does not have subject matter

jurisdiction and complaint failed to plead a claim for relief. Further, Defendant supports these

assertions by simply stating that the complaint is frivolous. Thus, I contend that the complaint is

not frivolous, and sufficiently alleges facts to support a claim for relief under Section 42 U.S.C.

Section 1981; 42 U.S.C., et set and V.I. Code Ann. tit. 10, § 64 (U.S. Virgin Islands Laws Against

Discriminations). Therefore, the one case Defendants relied on is not applicable. Accordingly,

this court should deny Defendants' motion to dismiss as to all claims.

## THIS COURT HAS SUBJECT MATTER JURISDICTION FOR CLAIMS ALLEGING VIOLATIONS OF 42

## U.S.C SECTION 1981

It is well settled law that federal courts have jurisdiction over claims arising out of

violation of 42 U.S.C. § 1981 and § 2000a, et seq. "Title 42, Section 1981 of the United States

"Code Section 1981" prohibits racial discrimination in the making and enforcing of contracts."

Looby v. Dawson, 2007 WL 3171935*3 (D.STT.2007). This court Jurisdiction is invoked as stated

in the complaint. Compl. at ¶ 3. Therefore, this Court has jurisdiction pursuant to 28 U.S.C.  §§

1331, 1332, and § 1343, and V.I. Code ANN. tit. 4, § 32.

## STANDARD OF A MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6) a party may move to dismiss a claim "for

failure to state a claim upon which relief can be granted." Alleyne v. Diageo USVI, Inc., 2015 WL

2

5511688 (V.I.Super. 2015). "The adequacy of a complaint is governed by the general rules of

pleading set forth in Rule 8 of the Federal Rules of Civil Procedures." Brady v. Citron, 55 V.I. 802,

822 (V.I. 2011). The U.S. Supreme Court has held that Rule 8 requires that a complaint set forth

a plausible claim for relief. Bell Atlantic v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556

U.S. 662 (2009). Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2).

     "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

the complaint, not to resolve conflicts of fact or to decide the merits of the action." Whitecap

Investment Corp v. Putnam Lumber & Export Co., 2013 WL 1155430 (D.STT.2013). Further, "In

deciding a motion to dismiss the court is not opining on whether the plaintiff will be likely to

prevail on the merits"). In considering a motion to dismiss the court accepts has true all the

facts alleged in the complaint, consistent with the complaint's allegations, as well as reasonable

inferences construed in the light most favorable to the plaintiffs. Id. "the issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims."Id. Although the court is required to accept as true all factual allegations in the

complaint, the court does not need to "accept the legal conclusion drawn from facts nor accept

as true unwarranted inferences, unreasonable conclusions, or arguments. Id.

     "It is well established that a *pro se* plaintiff's complaint should be construed liberally and

interpreted to raise the strongest arguments that its wording suggests." Khedr v. IHOP

Restaurant, LLC, 2016 WL 3512121 at 2 (D.CT.2016).

**ARGUMENT**

I.    **COUNT I AND II STATE A SUFFICIENT CLAIM UNDER SECTION 1981 AND V.I. Code Ann.
      tit. 10, §64.**

The Complaint alleges sufficient facts to state a claim under both section 1981 and V.I.

Code Ann. tit. 10, § 64 because Moe's Fresh Market's owner, Wallie Hamed and his employees

discriminated against me by acting hostile toward me when I am shopping at the store;

thwarting my efforts to pay for my groceries; ejecting and banding me from store because I am

black.

To survive a motion to dismiss a complaint alleging discrimination under section 1981, a

plaintiff must allege facts that support the following elements:

(1) The plaintiff is a member of a racial minority

(2) An intent to discriminate on the basis of race by the defendant

(3) The existence of an impaired contractual relationship under which the plaintiff has

      rights.

See Looby v. Dawson, 2007 WL 3171935*3 (D.SST.2007); Kariah v. Hovensa, LLC., 2010 WL

2244377 (D.CT.2010) (insufficient facts to support a section 1981 claim) and Dominos Pizza Inc.,

v. McDonalds, 546 U.S. 470, 475-77 (2006).

Section 1981 states:

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every
State and Territory to make and enforce contracts, to sue, be parties, give evidence, and
to the full and equal benefit of all laws and proceedings for the security of persons and

4

property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment**
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. Section 1981. The statute prohibits intentional race discrimination in the making and

enforcing of contracts with both public and private actors. Christian v. Wal-Mart Stores, Inc.,

252 F.3d 862 at 868 (6th Cir.2001). Outright refusals to serve willing customers of the protected

class based on their race, as well as placement of additional conditions on minority customers

before serving them, constitute violations of Section 1981. See Washington v. Duty Free

Shoppers, 710 F.Supp. 1288, 1289 (N.D.Cal.1988). In Joseph v. New York Yankees Partnership,

2000 WL 1559019 (S.D.N.Y.2000), the court stated that "[w]here additional conditions are

placed on minorities entering the contractual relationship, those minorities have been denied

the right to contract on the same terms and conditions as is enjoyed by white citizens." Further,

in Christian, 252 F.3d 862 at 868, the court stated that "to state a claim for discrimination under

Section 1981 "the plaintiff need only show that she intended to make a purchase and was

asked to leave the establishment in order to prevent her from making the purchase on account

of her race in order to satisfy the "make and enforce contracts" clause of § 1981."

Count I and II of my complaint alleges that Moe's Fresh Market engaged in racially

discriminatory conducts and harassment and that these discriminatory conducts and

harassment violate Section 1981 and V.I. Code Ann. tit. 10, § 64.

5

## A. Moe's Fresh Market Interfered With My Ability To Make And Enforce Contracts

Moe's Fresh Market and Wallie Hamed discriminated against me on April 11, 2016, by

refusing to allow me to pay for my groceries and ejecting me from the store, while allowing

white customers to pay for their groceries that had recording devices including sunglasses with

camera and smartphone with cameras. Courts have held that discriminatory intent can be

inferred from a plaintiff's identification of specific instances where persons situated similarly "in

all relevant aspects" were treated differently along racial lines. Joseph, 2000 WL 1559019

(S.D.N.Y.2000). Further, a plaintiff may support an inference of race discrimination by

demonstrating that similarly situated individuals of a different race were treated more

favorably. See Barry v. Delta Airlines, Inc., 2009 WL 3260499 (E.D.N.Y.2009). In Barry, the court

held that the plaintiff established sufficient circumstantial evidence of racial discrimination to

defeat summary judgement by testifying that other white passengers on the plane were

carrying bags that were similar in size to his merchandise bag and that his bag met Delta's carry

on size requirement. In that case, Plaintiff, a Muslim Arab, alleged that Delta discriminated

against him on the basis of ethnicity by refusing to allow him to carry on his merchandise bag.

The Court reasoned that Delta had offered no legitimate, non-discriminatory explanation for

why it exercised that discretion to restrict plaintiff's carry on privilege while not preventing

other passengers from carrying on their bags.

Moe's Fresh Market and Wallie Hamed discriminated against me on April 11, 2016, by

refusing to allow me to pay for my groceries, ejecting and banding me from the store

permanently, while allowing white customers to pay for their groceries that had recording

devices, including sunglasses with cameras and smartphone with cameras. When I told Mr.

6

Hamed that he was discriminating against me, he specifically pointed to a sign at the entrance

of the store that states that "The store has the right to refuse business" and when, I repeatedly

asked Mr. Hamed why he is refusing my business, Mr. Hamed specifically stated "because you

are not welcome here; thank you for your business." Compl. ¶ 4. I am not welcome in the store

to shop for groceries because I am black.  Therefore, Wallie Hamed has already offered a

reason for why I am not allowed to shop in the store, and any other reasoned Mr. Hamed

offered is a pretext for discrimination. Similarly, to the Defendant in Barry, Mr. Hamed did not

provide a non-discriminatory reasoned for ejecting me from the store while allowing white

customers with recording devices to remain in the store and purchased groceries. Therefore,

Moe's Fresh Market violated Section 1981 by refusing to allow me to pay for my groceries

because I am black and allowing other white patrons with recording devices including cameras

and smartphone with cameras to shop at the store.

B. **Moe's Fresh Market And Wallie Hamed Engaged In Racially Discriminatory Aggressive
    and Predatory Course or Pattern Of Conduct.**

Moe's Fresh Market and Wallie Hamed discriminated against me each time I went to the

store to purchase groceries, from October 2015, through April 11, 2016, by engaging in

criminally aggressive and predatory course or pattern of conducts to intimidate me from

shopping in the store. Although, I was allowed to pay for my groceries, it was done under

duress because I was harassed, humiliated and frightened by Moe's employees and a group of

individual from Sapphire Village, including my neighbors.  As amended section 1981 protects

against hostile treatment taking place during and after the formation of a contract. Courts have

noted that the list discriminatory acts provided in the new Section 1981(b) was "intended to be

7

illustrative and not exhaustive" because the new added language "evinces a congressional

intent to strike at the entire spectrum of disparate treatment." Callwood v. Dave & Buster's,

Inc., 98 F. Supp.2d 694, 703 (D.Md.2000). Accordingly, section 1981 provides protections

against discriminatory conduct occurring during and after the formation of a contract. Id.

Further, in Callwood, the court stated that "markedly hostile behavior towards members of the

protected class may, under the circumstances of a particular case, give rise to a rational

inference of discrimination sufficient to support a prima facie case."  In that case, the court

found that plaintiff received service in a "markedly hostile" manner and in a manner which a

reasonable person would find objectively unreasonable. As such, the court characterized the

conducts of the waitress and her supervisor as "markedly hostile" in that both the waitress and

her supervisor repeatedly issued warning to the Plaintiffs not to save seats; provided minimal

service to the plaintiff and finally ejected the plaintiff from the restaurant. Consequently, the

Court reasoned that the waitress and the supervisor did not subject white customers in the

restaurant to the same hostile treatment and concluded that Plaintiff had established prima

facie case for intentional discrimination.  Similarly, in Brooks v. Collis Foods, Inc., 365 F.Supp.2d

1342, the court recognized discriminatory intent can be inferred from "markedly hostile'

treatment during the formation of the contract. In Brooks, the court stated that "a restaurant

and its employees may not evade liability under § 1981 because the defendant has devised

creative means to harass and intimidate customers [and that] [d]iscrimination is often simply

masked in subtle forms and it is always easier to assume a less odious intention of what is in

reality discriminatory behavior." Wallie Hamed and his employees' hostile behavior toward me

in the store is in violation of Section 1981.

8

The complaint states that I went to Moe's Fresh Market to purchase groceries, approximately once a week, starting on October 2015 through April 11, 2016- the day Wallie Hamed ejected me from the store because I am black. Compl. at ¶ 4. Further, the complaint states that Moe's Fresh Market allowed and permitted its employees and a group of individuals from Sapphire Village, including some of my neighbors to engage in criminally aggressive and predatory course or pattern of conducts to intimidate me from continuing to shop at the store because I am black. Compl. at ¶ 4. Moe's Fresh Market employees and group of individuals purposely and deliberately stalked me throughout the store, blocked my pathway; lunged at the corner of my eyes; flicked their heads wildly; pushed or touched me. Compl. at ¶ 4. In contrast, Moe's Market employees do not subject white patrons to similar hostile treatment in the store. In addition, Moe's Fresh Market management has taken no actions against any of these individuals with cameras and smartphone with cameras that are recording me in the store. Compl. at ¶ 4. Therefore, Wallie Hamed and his employees conducts toward me in the store can be characterized as "markedly hostile" sufficient to establish intentional discrimination on the basis of race.

Wallie Hamed and his employees conducts are more extreme than the conducts of the defendants in Callwood, 98 F. Supp.2d 694, (D.Md.2000), Brooks, 365 F.Supp.2d 1342 and Christian, 252 F.3d 862 (6th Cir.2001,) because those plaintiffs only experienced the hostile conduct of these employees once. In contrast, I was subjected and exposed to hostile conducts by Moe's Fresh Market's employees and a group of individuals for about seven months. Further, Wallie Hamed followed me in the store repeatedly stated that I have a camera in my glasses and just like the plaintiff in Callwood. In addition, April 10, 2016, Mr. Hamed followed

9

me throughout the store and repeatedly asked me to leave while I was selecting grocery items

for my cart. Although, I was allowed to pay for my groceries, it was under an extreme amount

of duress, humiliation, and harassment. Consequently, Moe's Fresh Market and Wallie Hamed

violated my right to contract each day that I went to purchase groceries starting from October

2015 through April 2011.

## C. Moe's Fresh Market Interfered With My Prospective Contractual Relationships Contrary to Section 1981.

Moe's Fresh Market and Wallie Hamed interfered with my ability to engage in future

contractual relationships with it in violations of Section 1981. I am not allowed to shop at Moe's

Fresh Market since, April 11, 2016, as compared to other members of the buying public who are

not members of the protected class. In Christian, 252 F.3d 862 at 868 the court stated that "to

state a claim for discrimination under Section 1981 plaintiff need not actually be refused service

by a private club because such a standard would allow commercial establishment to avoid

liability merely by refusing minorities entrance to the establishment before they had the chance

to order." Another word, Section 1981 prohibit an outright band from commercial

establishment because of a person's race. In Khedr v. IHOP Restaurant, LLC, 2016 WL 3512121

(D.CT.2016), the court held that plaintiff had adequately alleged facts to support their claim of

discriminatory motive, when they were denied access to IHOP Restaurant. In that case, Plaintiff,

Arab-Americas, were not provided a table for 20 to 25 minutes, despite the availability of

seating space. When the plaintiff asked the owner for a table to be cleaned so that the family

could be seated, the owner reacted with extreme hostility, by looking up and down at plaintiffs,

before stating that the restaurant was private property and that he had the legal right to

10

remove plaintiffs for no reason at all. Further, the court concluded that accepting these facts as

true allow for a reasonable inference that plaintiffs were mistreated and that the reason for

their mistreatment was because of their physical appearance as a family of Arab-Americans and

practicing Muslims. Therefore, Section 1981 prohibit denying members of the protecting class

access to retail establishment because of their race or ethnicity.

Moe's Fresh Market permanently banned me from the store because I am black. The

complaint states that on April 11, 2016, Wallie Hamed stated that "you are not allowed to shop

here." Then he refused to allow me to pay for my groceries for more than 5 minutes while Mr.

Hamed and his employees continuously flicked and moved their heads wildly.   Compl. ¶ 4.

White customers are not banned from entering the store with recording devices including

cameras and smartphones with cameras. Like the plaintiff in Khedr, 2016 WL 3512121

(D.CT.2016), I was denied access to the store and received hostile treatment from the store

manager. Further, Mr. Hamed declared that he has the right to refuse business by pointing to a

sign at the front of the store. When I repeatedly asked him why he is refusing my business Mr.

Hamed specifically stated that "you are not welcome here; thank you for your business."

Compl. ¶ 4. Mr. Hamed's reason for not allowing me to shop at his store is because, I am not

welcome at the store because I am black. Therefore, Wallie Hamed has already provided a

reason for why I am not allowed to shop in the store, and any other reasoned Mr. Hamed

offered is a pretext for discrimination. These facts established a reasonable inference that I was

mistreated and permanently banned from the store and that the reason for my mistreatment

and banned was because I am black.

11

The above analysis is the same for V.I. Code Ann. tit. 10, § 64 (U.S. Virgin Islands Laws

Against Discriminations). As such, Moe's Fresh Market and Wallie Hamed violated my civil right

under both federal law and U.S. Virgin Island laws against discrimination.

II.    Intentional Infliction of Severe Emotional Distress

Wallie Hamed and his employees' intentional and reckless criminally aggressive behaviors in

the store for seven months are extreme and outrageous and caused me to suffer severe

emotional distress.

Count III and IV alleges sufficient facts to support a claim for intentional infliction of

severe emotional distress.

To state a claim for infliction of severe emotional distress a plaintiff must plead these

elements:

(1) The conduct must be extreme and outrageous;

(2) The conduct must be intentional or reckless;

(3) It must cause emotional distress;

(4) The distress must be severe.

Warner v. Kmart Corp., 2009 WL 1476476, *15 (D.Ct.2009), Chuy v. Philadelphia Eagles Football

Club, 595 F.2d 1265, 1273 (3d Cir.1979). In Joseph v. Sugar Bay Club & Resort, Corp., 2014 WL

1133416 (V.I.Super.STT.2014) the court conducted a "Banks analysis" and concluded that

Restatement (Second) of Torts § 46 reflects the common law of this Jurisdiction. Under the

Restatement (Second) of Torts section 46, plaintiff must allege that Defendant's conduct was

12

"so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Joseph, 2014 WL 1133416, *3. To established extreme and outrageous conduct the court stated that "In most cases, continuous malicious actions must exist before an employer as well as employee susceptibility." Id. Also, in Liles v. Inc.revetaw, 2010 WL 3155978 (D.SST.2010) the court stated that the complaint must allege the defendant conducts were extreme and outrageous. It is well settled that standard of Title VII claim employee discrimination are analogous to Section 1981 race discrimination in retail accommodation. Christian, 252 F.3d 862 at 868. In Warner, 2009 WL 1476476 (D.Ct.2009), the court held that a jury could find Kmart's employees sexual harassing conduct outrageous and utterly intolerable in the workplace. Furthermore, the court reasoned that Defendant should have known that subjecting Plaintiff to continuous acts of sexual harassment would cause her severe emotional distress. Finally, the court cited Eddy v. Virgin Islands Water and Power Authority, 369, F.3d 227, 232 (3rd Cir.2004) which states that "severe distress may encompass mental anguish, fright, horror, grief, worry and other emotional disturbances. The extent of the severity is to be measure by whether any reasonable man could be expected to endure it." Consequently, the court denied the defendant summary judgement.

I have alleged sufficient facts to state a claim that Wallie Hamed and his employees criminally aggressive behavior in the store is outrageous and utterly intolerable as to render Defendants liable for intentional infliction of severe emotional distress. In my complaint, I have alleged that Wallie Hamed and his employees harass and intimidated me to prevent me from shopping at the store each time I shopped there from October 2015 through April 2016. Compl.

13

at ¶ 4. Further, my complaint states that, each time that I visited the store, Moe's Fresh

Market, owner and employees engaged in the following criminally aggressive and predatory

course or pattern of conducts to intimidate me from continuing to shop at the store because I

am black:

(a) Wallie Hamed and his employees The employees congregated on the aisles and
   deliberately and purposely blocked the aisles with boxes and prevent me from going
   through the aisles.

(b) The employees hid behind the aisles and deliberately lunged at the corner of my
   eyes, when I looked-up.

(c) The employees deliberately flicked and exaggerated their body movement, when I
   am looking.

(d) The clerk at the registers deliberately flick and exaggerated their body movements,
   when I am trying to pay for my groceries.

(e) April 10, 2016, Wallie Hamed stalked me throughout the store; stand right next to
   me as I am selecting grocery items for my court and stated that "I am not going to
   leave you". In addition, he repeatedly asked me to leave the store.

(f) April 11, 2016, Wallie Hamed called the police and refused to allow me to pay for my
   groceries. While, I was waiting to pay for my groceries Mr. Hamed and his
   employees flicked and exaggerated their head movement to intimidate and
   humiliate me. Compl. at ¶ 4.

Defendants would surely have known that subjecting me to continuous criminally harassing

acts would cause me severe emotional trauma. In my complaint, I have alleged that the

14

Defendants and his employees' behavior caused me to suffer severe mental anguish, including, humiliation, embarrassment, worry and nausea. Compl. at ¶ 5.

Wallie Hamed and his employees conducts are worst then the Defendant's conduct in Khedr v. IHOP Restaurant, LLC., 2016 WL 3512121 (D.CT.2016), In that case, the restaurant manager refused to serve an Arab family because they were wearing a vail, as per their religion of Islam. The restaurant manager asked the Kherdr family to leave because it is a private property and a private business therefore he has the legal right to refuse business. Further, he stated that "I will not serve you or your family any food." And order his staff not to serve them. Id. Consequently, the court concluded at the pleading stage Defendant had alleged sufficient facts to state a claim for intentional infliction of emotional distress. Similarly, Wallie Hamed stalked me and repeatedly asked me to leave the store and eventually refused to serve me and instructed his staff not to serve me because he has the right to refuse business. Wallie Hamed and his employees went way further than the store manager in Kherdr, they intentionally engaged in criminally aggressive and predatory conduct to intimidate me from shopping in the store. In both cases the store manager refused to serve a patron because of race. Therefore, I have stated sufficient fact to state a claim for intentional infliction of severe emotional distress.

This court has subject matter jurisdiction over claims about discrimination under 42 U.S.C. § 1981. Further, the Complaint alleges sufficient facts to support a claims for discrimination under Section 1981 because Moe's and his employees stalked and harassed me in the store to intimidate and prevent me from purchasing groceries because I am black. As such, Defendants violates section 1981 by refusing to allowing to pay for my groceries and providing me access to the store in the same basis as persons that are not member of the

15

protected class. Accordingly, this court should deny Defendants Moe's Fresh Market and Wallie

Hamed's motion to dismiss for lack of subject matter jurisdiction and failure to plead a claim for

relief.

WHEREFORE, I pray for this Court to grant this motion denying Moe's Fresh Market and

Wallie Hamed's motion to dismiss with prejudice.

Dated: September 7, 2016

X _Wilnick Dorval_

**Wilnick Dorval**

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I filed the foregoing document with the Clerk of the

Court personally, the court will send a notification of this filing to all electronic filing users, and I

hereby certify that I mailed a copy of the motion in apposition to Defendant's motion to dismiss

16

to the following:

**Wallie Hamed**
**Moe's Fresh Market**
**6205 Smith Bay Road**
**St. Thomas, V.I. 00802**

**Wilfredo A. Geigel, Esq.**

**5020 Anchor Way/P.O. Box 25749**

**Gallows Bay, St. Croix**

**U.S. Virgin Islands 00824**

**Wilnick Dorval**

**6700 Sapphire Village**

**Apt 265**

**St. Thomas, Virgin Island 00802**

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

17

IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL                          )     CASE NO.: 3-16-CV-00061-WAL-RM
                                        )
                     Plaintiff,         )
                                        )
              v.                        )
                                        )
MOE'S FRESH MARKET AND WALLIE )
HAMED                                   )
                                        )
                     Defendants.        )
                                        )
_____ )

## DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants, represented by the undersigned counsel and
respectfully state:

Plaintiff has a very vague defused statement of the grounds for this Court's
jurisdiction. The general rule of pleadings is clearly stated in Federal Rules of Civil
Procedure 8.

"It is specifically stated in (a) Claim for Relief. A pleading that states a claim for
relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction...
(2) a short and plain statement of the claim showing that the pleader is
entitled to relief; and
(3) a demand for the relief sought, which may include relief in the
alternative or different types of relief."

It has already been held that pleadings by pro se litigants are held to a less
stringent standard than those prepared by an attorney. Nevertheless, although
construed liberally, pro se pleadings are not relieved of the obligations to allege
sufficient facts to support a proper legal claim. See Taylor vs. Books A Million, Inc. 296

F.3d. 376, 378, (5th Cir. 2002); Riddle vs. Mondragon, 83 F.3d. 1197, 1202 (10th Cir. 1996). When jurisdiction is based on the presence of a federal question, the claimant must identify the constitutional provisions, laws, or treaties that create such jurisdiction, or otherwise make such reference to federal law that will allow the Court to detect federal question jurisdiction.

Plaintiff is requesting declaratory relief, injunctive relief, and damages arising from violations of 42 U.S.C. 1981; U.S. Virgin Islands law against discrimination and other laws and policies of the United States and the Territory of the U.S. Virgin Islands without referring to any specific federal law to provide plaintiff a basis to support jurisdiction of this Court. In the jurisdictional statement although plain and short it is claimed that this Court has jurisdiction under 28 USC 1331, 1332, and 1337 and Title 4 § 32 of the V.I. Code. The judicial power of the United States in federal question jurisdiction extends to cases arising under the constitution, laws, or treaties of the United States. To meet the requirements of federal question jurisdiction the plaintiff must show a substantial claim founded directly upon federal law. See, Mishkin, The Federal "Question" in the District Courts, 53 Colum. L. Rev. 157, 168 (1953). A case arises under a law of the United States if the claim arises under an act Congress or administrative regulations and executive orders issued pursuant to such acts. Similarly, claims founded upon federal common law meet the "arising under" requirements. Conversely, a cause of action founded upon a state law that incorporates federal law does not meet this requirement. The claim must arise directly under the "law of the United States. Plaintiff has made no claims of jurisdiction under the U.S. Constitution; and 42 U.S.C. 1981 by itself does not establish grounds for federal jurisdiction; 28

Defendants' Motion to Dismiss
Wilnick Dorval v. Moe's Fresh Market and Wallie Hamed
Page 3

U.S.C. 1332 requires the diversity of citizenship between the parties and a minimum amount of $75,000.00. Neither requirements are addressed in the complaint and are not present in this case, and section 1337 refers to commercial monopoly claims, something this complaint does not addressed. Finally, Title 4 V.I.C. 32 does not grant any jurisdiction to this Court.

Since the federal court is a court of limited jurisdiction and must determine whether it has subject matter jurisdiction immediately upon the filing of the complaint, the plaintiff must establish the presence of a federal question on the face of a well pleaded complaint. A well pleaded complaint requires the court to disregard superfluous or irrelevant allegations by which the plaintiff seeks to raise a question of federal rule. Without entering into our discussion of "plausibility" of the claim as required by *Twombly*, a brief review of complaint provides nothing beyond doubtful allegations strictly under local law of the Virgin Islands.

General federal jurisdiction depends upon a degree of substantive sufficiency of plaintiff's claim; and not upon probability of success on the merits, see Payne v. Government of the District of Colombia, 559, F.2d. 809, (1977). It has been held that federal question is jurisdictionally insubstantial if it is patently without merit or so substantial, improbable or foreclosed by Supreme Court precedent, as not to involve a federal controversy. Demarest vs. U.S., C.A. 9 (Wash.) 1983, 718 F.2d. 964, certiorari denied 104 S.Ct. 2150, 466 U.S. 950, 80 L.E. 2d. 536.

The "substantiality" doctrine is a statement of jurisdictional principle affecting the power of federal court to adjudicate constitutional claims and as such, "substantiality" is a legal question open to independent examination on appeal, Molina Crespo v.

Defendants' Motion to Dismiss
Wilnick Dorval v. Moe's Fresh Market and Wallie Hamed
Page 4

Califano, 583 Fd.2d. 575 (1978). In order to confer federal questions jurisdiction on a

district court, the federal question raised must be substantial and not plainly frivolous.

Division 1287, Amalgamated Transit Union, AFL-CIO v. Kansas City Area Transp.

Authority, 582 F.2d. 444, certiorari denied 1999 S.Ct. 872, 439 U.S. 1090, 59 L.Ed.2d.

56 (1978).

**WHEREFORE**, appearing defendants, MOE'S FRESH MARKET AND WALLIE

HAMED requests that the Court grant this motion dismissing the instant case with

prejudice with cost and attorney's fees.

Respectfully submitted,

LAW OFFICES OF WILFREDO A. GÉIGEL
Attorneys for **DEFENDANTS**

By: /s/ Wilfredo A. Géigel
  Wilfredo A. Géigel, Esq.
  VI Bar No. 197
Dated: August 26, 2016  5020 Anchor Way/P.O. Box 25749
  Gallows Bay, St. Croix
  U.S. Virgin Islands 00824
  Tel: (340) 778-8069 / Fax (340) 773-8524
  wageigel@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th, day of August, 2016, I electronically filed

the foregoing with the Clerk of the Court using CM/ECF system, and sent a copy via

certified mail to plaintiff at:

Milnick Dorval
6700 Sapphire Village
Apartment 265, St. Vincent Building
St. Thomas, VI 00802

     /s/ Wilfredo A. Géigel, Esq.

IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL                                )    CASE NO.: 3-16-CV-00061-WAL-RM
                                              )
                           Plaintiff,         )
                                              )
            v.                                )
                                              )
MOE'S FRESH MARKET AND WALLIE )
HAMED                                         )
                                              )
                           Defendants.        )
                                              )
_____)

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that Wilfredo A. Géigel and Eugenio W.A. Géigel-
Simounet of the LAW OFFICES OF WILFREDO A. GÉIGEL hereby enter their
appearance as attorneys of record on behalf of MOE'S FRESH MARKET AND WALLIE
HAMED.

It is requested that copies of all papers filed with the Court and all notices and
orders be served on the undersigned at the mailing address set out below.

Respectfully submitted,

LAW OFFICES OF WILFREDO A. GÉIGEL
Attorneys for **DEFENDANTS**

By: /s/ Wilfredo A. Géigel
Wilfredo A. Géigel, Esq.
VI Bar No. 197
Dated: August 26, 2016                  5020 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix
U.S. Virgin Islands 00824
Tel: (340) 778-8069 / Fax (340) 773-8524
wageigel@gmail.com

Notice of Appearance
Wilnick Dorval v. Moe's Fresh Market and Wallie Hamed
Page 2

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on the 26th, day of August, 2016, I electronically filed

the foregoing with the Clerk of the Court using CM/ECF system, and sent a copy via

certified mail to plaintiff at:

Milnick Dorval
6700 Sapphire Village
Apartment 265, St. Vincent Building
St. Thomas, VI 00802

                    /s/ Wilfredo A. Géigel, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

WILNICK DORVAL,                        . Civil No. 16-CV-00050-CVG-RM
                                       .
            Vs.                        .
                                       . 5500 Veterans Drive, Rm 310
SAPPHIRE VILLAGE CONDOMINIUM           . St. Thomas, VI 00802,
OWNERS ASSOCIATION, ET AL,             .
                                       . August 9, 2016
. . . . . . . . . . . . . . . .        .
WILNICK DORVAL                         .
                                       . Civil No.  16-CV-00061-WAL-RM
            Vs.                        .
                                       .
MOES FRESH MARKET,                     .
. . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RUTH MILLER
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


For the Plaintiff:      WILNICK DORVAL, Pro se
                        6700 Sapphire Village, Apartment. 265
                        St. Thomas,  VI  00802






ECRO

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**800 603-6212**
**(732) 263-0044    Fax No. 732-865-7179**
www.tgribbentranscription.com

2

1                          I N D E X

2                                              PAGE

3  SAPPHIRE VILLAGE CASE                        3

4  MOES FRESH MARKET CASE                        7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           THE CLERK:   Wilnick Dorval versus Sapphire Village.

2           THE COURT:   Are you Mr. Dorval?

3           MR. DORVAL:   Yes, 1 am.

4           THE COURT:   Okay, would you stand please, when you

5    speak in the court.   Thank you. Come to the podium.   You can

6    set your backpack down, that's okay.   Good morning, sir.

7           MR. DORVAL:   Good morning.

8           THE COURT:   State your full name, please?

9           MR. DORVAL:   Wilnick Dorval.

10          THE COURT:   All right, Dorval, so the emphasis is on

11   the second part.   Dorval?

12          MR. DORVAL:   Yes.

13          THE COURT:   Okay.   Mr. Dorval, I wanted to bring you

14   in to talk with you about some procedural issues.   You have two

15   cases actually. We'll start with the first one being 2016-50,

16   which is against Sapphire Village Condominium Association, and

17   a number of others.   Is that correct?

18          MR. DORVAL:   Yes.

19          THE COURT:   All right, your intention is to proceed

20   pro se, as your own attorney, correct?

21          MR. DORVAL:   At this time, yes.   Until I find an

22   attorney.

23          THE COURT:   Okay.   You are -- can you hear?

24          THE CLERK:   Can you speak right into the --

25          THE COURT:   We want to make sure we record you.   Why

Colloquy                                                    4

1  don't you repeat your answer.

2          MR. DORVAL:    At this time I will proceed pro se, but
3  until I find an attorney or the Court help me find an attorney.

4          THE COURT:    Okay, the Court's not in a position to
5  help you find an attorney.  But you are certainly free to be
6  able to find one.  You can talk to the Bar Association, you
7  know perhaps they can help you.  You have other options in that
8  regard.  But the Court is not in the business of providing an
9  attorney for you under these circumstances.

10         MR. DORVAL:    I read that, well you have to file a
11 motion that the Court can appoint an attorney for plaintiff
12 doesn't, that are not able to afford an attorney.  I can afford
13 an attorney, it's just that I'm unable to locate one that's
14 willing to accept the case.

15         THE COURT:    I see.

16         MR. DORVAL:    So I'm hoping that --

17         THE COURT:    Well, the Court generally does not
18 appoint attorneys in civil cases.  Very limited circumstances
19 are we able to do that.  So unless and until you find an
20 attorney to assist you, the Court will be expecting that you
21 will be proceeding with your case on your own.  You understand?

22         MR. DORVAL:    I understand.

23         THE COURT:    Okay.  And so there's a couple of things
24 that I wanted to make sure I understood about your matter
25 against Sapphire and the others.  You have filed several

 1| amended complaints.

 2|            MR. DORVAL:  Yes.

 3|            THE COURT:  Please speak right into the microphone.

 4|            MR. DORVAL:  Yes, I did.

 5|            THE COURT:  Okay.  And you filed motions to amend.  I

 6| want to make sure that you understand that you are to follow

 7| the Rules of Civil Procedure.  And it appears that you're

 8| trying to follow them, but I think we have a disconnect here.

 9| Rule 15 allows you to seek an opportunity to amend your

10| complaint.

11|            MR. DORVAL:  Right.

12|            THE COURT:  But you don't have to do that if you

13| haven't served yet.  You can go ahead and amend your complaint

14| to add your additional parties.

15|            MR. DORVAL:  Okay.

16|            THE COURT:  Which is primarily what you seem to be

17| trying to do, is that correct?

18|            MR. DORVAL:  That's correct.

19|            THE COURT:  Have you served anyone yet?

20|            MR. DORVAL:  No, I haven't got a reply from the

21| service company yet.  I've asked for proof of service, they

22| haven't sent it to me, so I assume they haven't.

23|            THE COURT:  And which version of your complaint have

24| you been trying to serve?

25|            MR. DORVAL:  The last version.

Colloquy                                              6

1           THE COURT:  The latest one?

2           MR. DORVAL:  The latest version.

3           THE COURT:  Okay.  All right, so that's what to make
4  sure that you, you're serving people with the correct version
5  of the complaint.  At this point the Court will allow you to
6  amend your complaint, that will not prejudice any party that
7  hasn't been served with a previous complaint.  But make sure
8  you understand that Rule 15 doesn't require you to seek the
9  Court's leave under the circumstances that we're presented with
10 right now, and that is nobody has been served yet.

11          MR. DORVAL:  Okay.

12          THE COURT:  All right?  And that actually applies to
13 your other case as well.  And we'll talk about that in a
14 second.  So I want to make sure that you -- so you have a
15 service company that's making service for you?

16          MR. DORVAL:  Yes, that's correct.

17          THE COURT:  A process server.  And you understand
18 that you have a time limit to make service?

19          MR. DORVAL:  Yes.

20          THE COURT:  Okay, the new rules provide it's 90 days
21 from the date that you filed your complaint.  So you want to
22 make sure that you do that in a timely fashion or seek leave
23 for additional time.  All right.

24          So with respect to your motions to amend, the Court's
25 going to allow you to amend, and you'll be serving your fourth

Colloquy                                    7

1  amended complaint or third?

2            MR. DORVAL:  Fourth.

3            THE COURT:  Fourth amended complaint.  And then if
4  you have to seek leave to amend after that, follow the rules in
5  Rule 15.  All right?  All right that's what I wanted to check
6  in with you about on the first case. And then you have another
7  case.  Ms. Bonelli, would you call the next one.

8            THE CLERK:  Wilnick Dorval versus Moes Fresh Market,
9  et al.

10           THE COURT:  All right, sir, state your name again for
11 me.

12           MR. DORVAL:  Wilnick Dorval.

13           THE COURT:  All right, thank you.  And likewise in
14 this case, you filed a complaint on July 18th and about a week
15 or so later you moved to amend the complaint.  You don't need
16 the Court's leave, but the Court will give it to you.  And you
17 are trying to serve them the amended, first amended complaint.

18           MR. DORVAL:  Right, first amended complaint.

19           THE COURT:  Okay. And is that also your intention to
20 proceed pro se in this case?

21           MR. DORVAL:  That's correct.

22           THE COURT:  All right, unless and until you find an
23 attorney to assist you.

24           MR. DORVAL:  That is correct.

25           THE COURT:  All right, good.  This case will be

1  handled by Judge Lewis, the other case is being handled by
2  Judge Gomez.  So when we get to the point where you've made
3  service and people have appeared, then we'll be able to get
4  together and discuss scheduling and discovery.  And we'll have
5  a slightly different calendar for each of the two cases.
6  Because they have different Judges and they have, each Judge
7  has different preferences.

8            Do you have access to the internet?

9            MR. DORVAL:  Yes, I do.

10            THE COURT:  All right, my suggestion is that you go
11  to the Court's website, and you look at the policies and
12  procedures that each Judge publishes so that you determine, you
13  know, you can determine how to proceed specifically with
14  respect to those Judges.  I will be the Magistrate Judge on
15  both cases.  At least for the time being unless something else
16  comes up that changes that.  So I would be the one handling the
17  pretrial phases of these cases.  All right?

18            So that one you have little bit more time for
19  service, the other you're running up in to your 90 days in the
20  next month.  So --

21            MR. DORVAL:  Did the 90 days start at the date I
22  filed the complaint or --

23            THE COURT:  Correct.

24            MR. DORVAL:  Or the date of the last amended
25  complaint?

1         THE COURT:  No, the date you filed the complaint.

2   All right?  So thank you for coming in.  I wanted to just make

3   sure that you understood we were on top of your cases.  And you

4   know what rules you need to follow. We have local rules as well

5   as the Civil Rules of Procedure.  Those are available on the

6   website as well.

7         Are you a filing user, sir?

8         MR. DORVAL:  No.

9         THE COURT:  Do you want to be?  Because that's --

10        MR. DORVAL:  No.

11        THE COURT:  No, you don't?

12        MR. DORVAL:  I would like to come to the Court and

13  file.

14        THE COURT:  Okay, just, it makes service on the other

15  side sometimes more cumbersome.  You have to make, you have to

16  mail out your service to the other side and they have to do the

17  same. So it's sometimes easier to be on the electronic filing

18  system.  Then you get notice of the Court's orders.

19        MR. DORVAL:  I'm on Pacer so I can get --

20        THE COURT:  Oh.  Okay.

21        MR. DORVAL:  I will just file --

22        THE COURT:  Okay, it's your choice.  It's your

23  choice.  All right.  Anything else that we can take care of

24  today?

25        MR. DORVAL:  Yes.  The defendants actually continues

1  to --

2           THE COURT:  Speak right into the microphone.

3           MR. DORVAL:  The defendants, they continue to harass

4  me.

5           THE COURT:  In which case is this?

6           MR. DORVAL:  This is the Sapphire case.  The Sapphire

7  Village Condominium, and the tenant, the owner tenants.

8           THE COURT:  Yes.

9           MR. DORVAL:  They continue to harass me and make a

10  loud noise disturbances during the day and at night.  And

11  preventing me from getting any rest or any sleep.  Or being

12  able to use my apartment period.  I had to call the police last

13  night.  This week alone I went to the, I've called the police

14  twice.  Went to the police station and filed a complaint

15  against one of the defendants, Jonathon Morgan.  Because he

16  went all night with the noise.  I only got three hours of sleep

17  that day.  This morning I was awakened at 6 a.m. and the noise

18  went to 7:30.  I recorded it, so -- with the video camera.

19           So I was wondering if I can motion to get a

20  restraining order to keep the defendants from continuing to

21  inflict this on me, because I have a migraine from this.  And

22  I'm exhausted because I don't get enough sleep.  I need to be

23  able to read and -- for this case, and I can't because the

24  defendants are making a lot of noise during the day and at

25  night, preventing me from --

1          THE COURT:  Sir, you can file whatever papers you
2   feel are necessary and appropriate according to the Rules, to
3   seek whatever relief you think that you're entitled to.  The
4   Court isn't going to try and advise you as to what you should
5   or shouldn't do.  It's up to you to review the rules and see if
6   something is available to you and you're free to seek that kind
7   of relief.  I mean, I don't know what else to tell you in that
8   regard.

9          MR. DORVAL:  Well, yes, in my filing I did ask for,
10  one of the relief I ask for is a temporary restraining order
11  against those defendants, the tenants, the neighbors.

12         THE COURT:  Have you -- well, have you served them
13  with your complaint in any respect?

14         MR. DORVAL:  No, they haven't been served, what I've
15  done is as soon as I got the sermons (phonetic) from the Court
16  I've sent them a copy of it via certified mail.  So that they
17  are aware that I am suing them and that their actions that they
18  are committing is not, is unacceptable to me.

19         THE COURT:  So you've sent a copy of the summons to
20  each of the people?

21         MR. DORVAL:  That are residing at the St. Vincent
22  Building are currently my neighbors.

23         THE COURT:  You sent copies of the summons by
24  certified mail and did you send a copy of the complaint?

25         MR. DORVAL:  No, I did not.

1          THE COURT:  All right, you need to serve them
2    according to the Rules with a copy of your complaint as well as
3    a copy of your summons.  Otherwise they have no idea what it is
4    that you're alleging against them.  And I will bring the fact
5    that you're asking for a temporary restraining order to the
6    District Court Judge's attention.  But he may well require that
7    you have service on all of these individuals prior to taking
8    any action on it.

9          MR. DORVAL:  So once these defendants are served, I
10   can come back here and ask for and file for a restraining
11   order.

12         THE COURT:  Sir, I'm not going to tell you whether
13   you can ask for that or not, you have to determine whether
14   you're entitled to certain types of relief and then seek in
15   whatever appropriate way the relief you're entitled to.

16         MR. DORVAL:  Thank you.

17         THE COURT:  All right?  Thank you very much. And
18   we'll look forward to proceeding with the case once you get
19   your service and people begin to appear in the case.  Then we
20   can make further plans as far as scheduling.  All right?

21         MR. DORVAL:  Thank you.

22         THE COURT:  Thank you very much.  Have a good day.

23                    *         *         *

24

25

1 **C E R T I F I C A T I O N**

2

3     I, Patricia Poole, court approved transcriber, certify

4 that the foregoing is a correct transcript from the official

5 digital audio recording of the proceedings in the above-

6 entitled matter.

7

8

9 /S/PATRICIA POOLE

10

11 TRACY GRIBBEN TRANSCRIPTION, LLC    August 22, 2016

12                                         DATE

13

14

15

16

17

18

19

20

21

22

23

24

25

Case: 16-3602   Document: 003112449744   Page: 87   Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVG-RM   Document #: 2   Filed: 07/25/16   Page 1 of 14
Case: 3:16-cv-00061-WAL-RM   Document #: 4   Filed: 07/25/16   Page 1 of 14

Amended Complaint

## THE UNITED STATED DISTRICT COURT OF THE VIRGIN ISLANDS

### DISTRICT OF ST. THOMAS AND ST. JOHN

*Civil 2016-61*

WILNICK DORVAL

Plaintiff,

v.

MOE'S FRESH MARKET, Wallie Hamed

Defendants

No.

July 25, 2016

Jury Demand

COMES NOW I, Wilnick Dorval, acting Pro Se, state and allege as follows:

### I.   NATURE OF ACTION

This action for declaratory relief, injunctive relief, and damages arising from violations 42 U.S.C. § 1981, U.S. Virgin Island's law Against Discrimination, and other laws and policies of the United States and the Territory of the Virgin Islands. Defendant Wallie Hamed, owner of Moe's Fresh Market and his employees prevented me and interfered with my attempt to purchase groceries in several occasions because I am black. I am a naturalize U.S. Citizen of Haitian decent.

Defendants have discriminated against me in many ways including but not limited to hostile treatment in the store that interfered with my ability to purchase groceries and actually prevented me from paying for my groceries because I am black.

1

## II.   PARTIES

2.1         I live at 6700 Sapphire Village, Apartment 265, St. Vincent building, St. Thomas, 00802.  I live alone and I don't have any family or friends in the U.S. Virgin Islands.

2.2         Defendant Moe's Fresh Market Inc. is a for profit organization that resides and operates its principal place of business in St. Thomas, U.S. Virgin Islands.

2.3         Defendant Wallie Hamed owns Moe's Fresh Market Inc. and serves has manager of Defendant Moe's Fresh Market, Inc. during the relevant period. Wallie Hamed is a resident of this District.

## III.   JURISDICTION AND VENUE

3.1         This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and § 1337; and V.I. Code ANN. tit. 4, § 32.

3.2         Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## IV.   FACTUAL ALLEGATIONS

### 4.1   Moe's Fresh Market, Inc.

4.1.1       Defendant's website boast that Moe's Fresh Market is the premier location for gourmet foods in Red Hook, Saint Thomas. Specializing in fresh food and locally produced food. Furthermore, Defendant maintains an extensive wine list at exclusively temperate controlled Stone House Cellars.

4.1.2       Sapphire Village Development is approximately 0.4 miles from Moe's Fresh Market in Red Hook. Less than a 10 minutes walking distance.

4.1.3       Sapphire Village Development is approximately 1.4 miles from Food Center, the next grocery stores in that area. It is not within walking distance.

2

4.1.4    Moe's Fresh Market entrance has a double glass door that automatically opened and

closed. There are four cash registers at the entrance and in the middle of the store and there are seven

aisles facing the cash registers. Refrigerators lined the left, right and front wall of the store. The bakery,

deli and fresh food are located on the back of the store perpendicular to the four cash registers in the

front of the store. On the left of the deli, there are stairs and an elevator that lead to the wine cellar on

the second floor.

4.1.5    Moe's Fresh Market is well lit with florescent lighting and on the ceiling there are

numerous surveillance cameras in black, as well as some white cameras that appeared to be freshly

installed that covered the entire store area.

4.1.6    Moe's Fresh Market has two or three cashiers at a time at the registers to process

groceries and accept payments.

4.1.7    I do not own a car and Moe's Fresh Market is the only major grocery store that is

walking distance to Sapphire Village. I frequented Moe's Fresh Market approximately once a week, from

October 2015, through April 11, 2016, to purchase dairy products such as milk, eggs and bread and

perishable products such as fruits and vegetables. The dairy products at Moe's Fresh Market have a

short expiration date of 7 days, that caused me to have to return to the store.

### 4.2 Harassment by Group of Individuals Inside Moe's Fresh Market

4.2.1    Moe's Fresh Market allowed and permitted its employees and a group of individuals to

create a hostile environment for me in the store to discourage and prevent me from making grocery

purchases because I am not welcome in the store because I am black. A group of individuals from

Sapphire Village followed me to Moe's Fresh Market and engaged in the following criminally aggressive

and predatory course or pattern of conducts to intimidate me from continuing to shop at the store

because I am black:

3

a.  Each time, these individuals waited for me at the store or arrived at the store to harass

me. They followed me throughout the entire store and deliberately and purposely

pushed or touched me to irritate and annoy me. For example, January 6, 2016, one of

those individuals deliberately and purposely bumped me with a shopping cart.

b.  Each time, these individuals congregated on the aisles and deliberately and purposely

blocked the aisles with their carts and prevent me from going through the aisles. For

example, March 30, 2016, three white women and one had a shopping cart with a child

in it, deliberately blocked my pathway by the produce area and purposely refused to

move out of the way. These women deliberately and purposely flicked and moved their

heads wildly, each time I looked-up. Another example, on February 11, 2016, a group of

man, standing by the bakery area and the aisles, deliberately blocked my pathway and

refused to move even though they clearly saw me trying to get through. I had to asked

them to move out of the way.

c.  Each time, these individuals hid behind the aisles and deliberately and purposely lunged

at the corner of my eyes when I looked up. They deliberately and purposely exaggerated

their body movements and flicked their heads wildly, when I looked. When I ignored

them they stomped their feet and made noise disturbances. For example, November 18,

2015, a group of individuals followed me into Moe's Fresh Market, in Red Hook, and

deliberately lunged at the corner of my eyes and flicked their heads wildly when I am

looking. Another example, March 06, 2016, two customers deliberately and purposely

lunged at the corner of my eyes soon as I was about to exit aisle number 1 and when I

made a left turn, another customer wearing a red shirt deliberately lunged at the corner

of my eyes.

4

Case: 16-3602     Document: 003112449744     Page: 91     Date Filed: 10/26/2016
Case: 3:16-cv-00061-WAL-RM     Document #: 4     Filed: 07/25/16     Page 5 of 14

Amended Complaint

    d.   Each time, I am waiting at the register to pay for my food, these individuals deliberately and purposely lunged at the corner of my eyes at fast speed repeatedly. For example, November 24, 2015, a group of individuals followed me into Moe's Fresh Market and a guy wearing a red hot particularly followed me throughout the store and purposely lunged at the corner of my eyes at the register. Another example, March 30, 2016, a white woman wearing a pink shirt, continuously lunged at the corner of my eyes throughout the store.

    e.   Most of the time these individuals entered and exited the store without making any purchases.

4.2.2     I noticed that most of these individuals are Caucasian and wearing sunglasses that have cameras. In addition, these individuals have smart phones on their hands with cameras that are recording inside the store. For example, March 06, 2016, a white male wearing a green shirt was standing at the register with sunglasses on his head that appeared to have a camera.

4.2.3     The management of Moe's Fresh Market has taken no actions against any of these individuals that entered the store to harass me and interfered with my ability to purchase necessary food items. Moe's Fresh Market and Wallie Hamed, store owner, added and abated these individuals to violate federal and Virgin Island criminal laws by condoning these acts, harboring the actors and participating in these criminal activities.

### 4.3   Harassment by Moe's Fresh Market's Employees

4.3.1     The store staff at Moe's Fresh Market engaged in the same harassing behavior as the group of individuals from Sapphire Village. Moe's Fresh Market's employees engaged in the following criminally aggressive and predatory course or pattern of conducts to intimidate me from continuing to shop at the store because I am black:

    a. Each time, the employees congregated on the aisles and deliberately and purposely blocked the aisles with boxes and prevent me from going through the aisles. Specifically, one male employee that wears a brown jacket with a hoodie always stand between aisle number 1 and the refrigerators with boxes of merchandise purposely blocking my path. I have gone to the stores on different days and times and found him in the same position and performing the same function. For example, December 30, 2015, March 20, and March 30, 2016, that same employee deliberately blocked my pathway.

    b. Each time, employees hid behind the aisles and deliberately lunged at the corner of my eyes, when I looked up. They purposely and deliberately exaggerated their body movements and flicked their heads wildly, when I am looking. When I ignored them, they stomped their feet and made noise disturbances. For example, January 6, 2016, a male employee by the produce area attending to some boxes flicked his head at me suddenly when I looked up.

    c. Each time, I am waiting at register to pay for my food, the employees deliberately lunged at the corner of my eyes at fast speed repeatedly. The clerks at the registers deliberately and purposely exaggerated their body movements and flicked their heads wildly, while I am trying to pay for my groceries. For example, March 30, 2016, the clerk flicked her head wildly, while I was waiting for her to process payment for the groceries. Another example, April 10, 2016, a different clerk flicked and moved her head wildly, while I was waiting for her to process the payment for groceries.

4.3.2    I noticed the employees conduct differed significantly with white patrons as compared to me. None of the employees blocked the aisles or lunged at the corner of the eyes of the white patrons. In addition, when I am in line for the register, I noticed that none of the employees exaggerated

Case: 16-3602    Document: 003112449744    Page: 93    Date Filed: 10/26/2016
Case: 3:16-cv-00061-WAL-RM    Document #: 4    Filed: 07/25/16    Page 7 of 14

Amended Complaint

their body movements and flicked their heads wildly when white patrons are paying for their groceries. February 9, 2016, a white women wearing a pink shirt and a man with gray shorts and gray shirt were at the register paying for their groceries and both were wearing sunglasses with cameras. The clerk at the registered did not engaged in any predatory and hostile behavior of flicking and moving her head wildly. But, the clerk went wild flicking and moving her head wildly when it was my turned to pay for my groceries.

### 4.4    Harassment by Defendant Wallie Hamed Owner of Moe's Fresh Market

4.4.1    March 6, 2016, Defendant Wallie Hamed approached me after I paid for my groceries and was exiting the store. Mr. Hamed explained that he noticed me recording inside the store and that he doesn't want me to record inside the store anymore. Further, he stated that he would ask me to leave the store next time I record inside the store. I ignored him and kept walking. That day, Mr. Hamed took no actions about the white patrons that were harassing and recording me in the store. He did not ask them to stop harassing and recording in the store and the employees of Moe's Fresh Market were allowed to harass me in the store and interfered with my grocery purchases.

4.4.2    April 10, 2016, Defendant Wallie Hamed followed me throughout the entire store and harassed me. I explained to him that I am not stealing and that I can afford to pay for the groceries. Mr. Hamed stated that "I told you that you are not allowed in here with a camera and you have a camera on your glasses." He repeatedly asked me to leave the store but I refused and requested that he call the police because I have the right to record criminal activities that are taking placed inside the store. He stated that "I am not going to leave you." He stood beside me as I selected each items from the rack and placed them on the shopping cart. Then, Mr. Hamed followed me to the register and stood next to me as I waited to pay for my groceries and the entire time he deliberately and purposely flicked and moved his head wildly, each time I looked up. Finally, Defendant Wallie Hamed followed me outside of the

7

Amended Complaint

store and stated that I would not be allowed to shop at the store next time. Mr. Hamed took no actions against the white patrons that were in the store harassing, stalking and recording me with cameras and smart phones.

4.4.3    April 11, 2016, I went to purchase groceries at Moe's Fresh Market and I was selecting grocery items and placing each in a shopping cart when Defendant Wallie Hamed appeared and stated "I told you that you are not welcome here and I already called the police." I ignored him and continued to shop. I selected several baby Spanish items, Hill Farm slice turkey, and bread and place the items in my shopping cart. When I arrived at the register, Mr. Hamed was standing there waiting for me. He instructed the clerk at the registered not to service me. Then, he stated that I need you to leave the store because you are not allowed to shop here. I ignored him and placed the grocery items on the converter belt and repeatedly requested to pay for the grocery items. I stood there for 5 minutes waiting for the clerk to service me and the police to arrive so I can explain to the police the criminal activities that have been taking place in the store. While, I was waiting for the police, Mr. Hamed and the employees continuously flicked and moved their heads wildly. I became frustrated and exited the store without the grocery items. Defendant Wallie Hamed followed me outside and stated that you are not allowed to shop here. I explained to the Mr. Hamed that he is discriminating against me because I am black, Mr. Hamed than pointed to a notice on the door that states that the store has the right to refuse business. Several times, I asked Defendant Wallie Hamed why he is refusing to service me and finally Mr. Hamed stated "you are not welcome here; thank you for your visit."

4.4.4    Defendant Wallie Hamed never refused any of the white patrons' business even though they came in the store to harass, stalk and record me with cameras and smart phones. He never said a word to these white patrons and always allowed them to pay for their groceries. More importantly, he never took any actions about the criminal activities that were taking place inside the store.

8

## V.    CLAIMS

### COUNT 1: VIOLATIONS OF 42 U.S.C § 1981

### (Against Defendant Moe's Fresh Market)

5.1.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.1.2    Defendant Moe's Fresh Market violated 42 U.S.C § 1981, et seq, and U.S Virgin Island Law Against Discrimination, V.I. Code Ann. tit. 10, §64 based on race.

5.1.3    I am a Haitian born, black, naturalized citizen of the United States of America.

5.1.4    Defendant Moe's Fresh Market acted with discriminatory intent when Defendant permitted a group of individual patrons to deliberately harass me in the store to discourage and intimidate me from frequenting the store because I am black.

5.1.5    Defendant Moe's Fresh Market acted with discriminatory intent when Defendant Wallie Hamed, owner, stated that I was not welcome in the store and allowed his employees to harass and intimidate me to discourage and prevent me from frequenting the store because I am black. But, white patrons with recording devices were welcome in the store and were not subjected to any of acts of harassment and intimidation by the employees.

5.1.6    Defendant Moe's Fresh Market acted with discriminatory intent when Defendant allowed white patrons in the store with recording devices, including sunglasses that have video cameras to record my activities but refused to allow me in the store with my video camera to record the harassment and criminal activities in the store.

9

5.1.7       Defendant Moe's Fresh Market interfered with my right to contract for groceries when

Defendant Wallie Hamed, owner, followed me throughout the store and repeatedly requested that I

leaved the store without any groceries, on April 10, 2016, because I am black.

5.1.8       Defendant Moe's Fresh Market interfered and thwarted my attempt to contract for

groceries when Defendant Wallie Hamed, owner, refused to allow me to pay for my groceries after

repeated request and when Defendant Wallie Hamed, owner, forced me to leave the store without

purchasing any groceries because I am black.

### COUNT 2: VIOLATIONS OF 42 U.S.C § 1981

#### (Against Defendant Wallie Hamed Owner of Moe's Fresh Market)

5.2.1       I am a Haitian born, black, naturalized citizen of the United States of America.

5.2.2       Defendant Wallie Hamed acted with discriminatory intent when Defendant allowed

white patrons in the store with recording devices including, sunglasses that have video cameras to

record my activities but refused to allow me in the store with my video camera to record the

harassment and criminal activities in the store.

5.2.3       Defendant Wallie Hamed acted with discriminatory intent when Defendant stated that I

was not welcome in the store and he harassed and intimidated me to discourage and prevent me from

frequenting the store because I am black. But, white patrons were welcome in the store and were not

subjected to any acts of harassment and intimidation by him.

5.2.4       Defendant Wallie Hamed interfered with my right to contract for groceries when Mr.

Hamed followed me throughout the store and repeatedly requested that I leaved the store without any

groceries, on April 10, 2016, because I am black.

Case: 16-3602    Document: 003112449744    Page: 97    Date Filed: 10/26/2016
Case: 3:16-cv-00061-CVE-RM    Document #: 4    Filed: 07/25/16    Page 11 of 14
Case: 3:16-cv-00061-WAL-RM    Document #: 4    Filed: 07/25/16    Page 11 of 14

5.2.5    Defendant Wallie Hamed interfered and thwarted my attempt to contract for groceries, April 11, 2016, when Defendant refused to allow me to pay for my groceries after repeated request and when Mr. Hamed forced me to leave the store without purchasing the groceries because I am black.

## COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants Moe's Fresh Market)

5.3.1    I reallege and incorporate by reference the remainder of the allegations in this complaint.

5.3.2    Defendant Moe's Fresh Market acted intentionally and recklessly when Defendant's employees deliberately and purposely engaged in criminally aggressive and predatory course or pattern of conducts to intimidate me from continuing to shop at the store because I am black.

5.3.3    Defendant Moe's Fresh Market acted intentionally and recklessly when Defendant deliberately permitted a group of individuals to engage in criminally aggressive and predatory course or pattern of conducts in the store to intimidate me from continuing to shop at the store because I am black.

5.3.4    Defendant Moe's Fresh Market acted intentionally and recklessly when Defendant Wallie Hamed, owner, asked me to leave the store repeatedly without purchasing any groceries because I am black.

5.3.5    Defendant Moe's Fresh Market acted intentionally and recklessly when Defendant's owner, Wallie Hamed, refused to allow me to pay for my groceries and forced me to leave the store because I am black.

5.3.6    Defendant Moe's Fresh Market's actions were extreme and outrageous.

Case: 16-3602    Document: 003112449744    Page: 98    Date Filed: 10/26/2016
Case: 3:16-cv-00061-WAL-RM    Document #: 4    Filed: 07/25/16    Page 12 of 14

Amended Complaint

5.3.7    As a result of Defendant's outrageous conduct I suffered severe mental anguish,
humiliation, embarrassment, worry, and nausea.

5.3.8    As a result of Defendant Moe's Fresh Market's extreme and outrageous conduct, I have
suffered severe emotional distress and will continue to suffer severe emotional distress and other
damages for which Defendant Moe's Fresh Market is personally liable for compensatory and punitive
damages to me.

### COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Wallie Hamed Owner of Moe's Fresh Market)

5.4.1    I reallege and incorporate by reference the remainder of the allegations in this
complaint.

5.4.2    Defendant Wallie Hamed acted intentionally and recklessly when Mr. Hamed
deliberately engaged in criminally aggressive and predatory course or pattern of conducts to intimidate
me from continuing to shop at the store because I am black.

5.4.3    Defendant Wallie Hamed acted intentionally and recklessly when Mr. Hamed
deliberately permitted a group of individuals to engage in criminally aggressive and predatory course or
pattern of conducts in the store to intimidate me from continuing to shop at the store because I am
black.

5.4.4    Defendant store Wallie Hamed acted intentionally and recklessly when Mr. Hamed
asked me to leave the store repeatedly without purchasing any groceries because I am black.

5.4.5    Defendant Wallie Hamed intentionally and recklessly when Mr. Hamed refused to allow
me to pay for my groceries and forced me to leave the store because I am black.

12

5.4.6    Defendant Wallie Hamed's actions were extreme and outrageous.

5.4.7    As a result of Defendant's outrageous conduct I suffered severe mental anguish, humiliation, embarrassment, worry and nausea.

5.4.8    As a result of Defendant Wallie Hamed's extreme and outrageous conduct, I have suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendant Wallie Hamed is personally liable for compensatory and punitive damages to me.

## VI.    REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

6.1.1    For a declaration that among other things, Defendants' conducts violate federal and U.S Virgin Island laws;

6.1.2    For Permanent Injunctive relief including but not limited to, an order enjoining the Defendants from taking any steps, to directly or indirectly, interfere with my contract rights and stalking, harassing and intimidating me in the store;

6.1.3    For this court to assign a competent attorney that I can afford to prosecute this case on my behalf;

6.1.4    For especial and general compensatory damages against Defendants on all claims in an amount to be proved at the time of trial;

6.1.5    For punitive damages against Defendants under 42 U.S.C. § 3613 (c)(1), and otherwise as allowed by law;

6.1.6    For the right to amend this complaint to conform to proof offered at trial;

Amended Complaint

6.1.7    For this case to be tried to a jury; and

6.1.8    For such other and further relief as the court deems just and proper.

DATED this 25th day of July, 2016.

X _____

   Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Island 00802

Dorval.wilnick@gmail.com

Cell Phone: (917)602-3354

14