# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 16-3602

_____

## Wilnick Dorval

### (Plaintiff-Appellant)

### vs.

## Moe's Fresh Market and Wallie Hamed

### (Defendants-Appellees)

_____

## BRIEF OF APPELLEES'

On Appeal From

District Court Civil No. 3-16-CV-00061-WAL-RM

**Law Offices of Wilfredo A. Géigel**
**P.O. Box 25749**
**Christiansted, VI  00824**
**Tel: (340) 778-8069 Fax: (340) 773-8524**
**egeigel@gs-lawoffices.com**
**wageigel@gmail.com**

_Attorney for Appellees_

**Eugenio W.A. Géigel, Esq**.

**Wilfredo A. Géigel, Esq.**

# **TABLE OF CONTENTS**

TABLE OF CASES AND AUTHORITIES ........................................... ii

STATEMENT OF JURISDICTION........................................................ 1

STATEMENT OF STANDARD OF REVIEW .................................... 2

STATEMENT OF ISSUES .................................................................. 3

STATEMENT OF THE CASE.............................................................. 4-5

ARGUMENTS ...................................................................................... 6-13

CONCLUSION ..................................................................................... 13

SIGNATURE OF COUNSEL  .............................................................. 13

CERTIFICATE OF BAR MEMBERSHIP............................................ 14

CERTIFICATE OF COMPLIANCE..................................................... 15

CERTIFICATE OF FILING PURSUANT TO
3RD CIRCUIT RULE 30.1 AND 31.1..................................................... 16

ELECTRONIC FILING CERTIFICATION ......................................... 17

CERTICATE OF SERVICE ................................................................. 18

# TABLE OF CASES AND AUTHORITIES

*Allegheny Energy, Inc., v. DQE, Inc*..................................................... 6
171 F.3d. 153, 158 (3d. Cir. 1999).

*Bieros v. Nicola* .................................................................... 6
857 F. Supp. 445, 446 (ED. Pa. 1994)

*Dorval v. Sapphire Village Condominium Association* ....................... 9, 10
3:16-CV-00050-CVG-RM

*Ecri v. McGraw-Hill, Inc.* .................................................... 7
809 F.2d. 223, 226 (3d. Cir. 1987).

*Frank's GMC Truck Ctr., Inc., v. General Motors Corp.* ..................... 6
847 F. 2d. 100, 102 (3d. Cir. 1998)

*J.O. v. Orange Twp. Bd. of Edu.* .......................................... 6
287 F.3d. 267, 273 (3d. Cir. 2002)

*Kos Pharm., Inc. v. Andrx Corp.* .......................................... 6
369 F.3d. 700, 708 (3d. Cir. 2004)

## <u>STATEMENT OF JURISDICTION</u>

This Court does not have jurisdiction pursuant to 28 U.S.C. 1291 to hear this appeal from the District Court's decision filed September 9, 2016 which denied Plaintiff/Appellant's Motion under Rule 65 of the Federal Rules of Civil Procedure for Temporary Restraining Order, Preliminary and Permanent Injunction.

## <u>STATEMENT OF STANDARD OF REVIEW</u>

Appellate Courts will not reverse the trial Court's discretionary Order for abuse of discretion unless it is clearly made to appear that the trial Court's ruling is improperly erroneous. This is to be held at a high threshold, such that an Appellate Court will not second guess the District Court judgment.

## <u>STATEMENT OF THE ISSUES</u>

1.    WHETHER PLAINTIFF'S MOTION UNDER FRCP 65 WAS PROPERLY DENIED.

2.    WHETHER PLAINTIFF HAS PROPERLY PLEADED CAUSALITY BETWEEN THE ACTS OF DEFENDANTS AND THE CLAIMED DISCRIMINATION.

## STATEMENT OF THE CASE

This is an action for alleged discrimination, intimidation, harassment and persecution brought by an individual claiming that the hostile environment created at Moe's Fresh Market was because he was black.

The nature and extent of the alleged acts creating the hostile environment appear to be of a questionable nature. According to Appellant, Moe's Fresh Market allowed and permitted its employees and a group of individuals from Appellant's neighborhood to create a hostile environment every time he entered the store because they engaged in a criminally, aggressive and predatory course or pattern of conduct to intimidate and prevent him from shopping because he is black. Appellant claims that each time he entered the store there are individuals waiting for him to arrive at the store to harass him; they allegedly push or touch him to intimidate him. Allegedly all these individuals purposely blocked the aisles with their carts and prevented him from going through the aisles. What is most interesting is that everyone who follows him, or is watching from "*behind the aisles, and deliberately and purposely lounging at the corner of my eyes when I looked up. They deliberately and purposely exaggerated their body movements and flicked their heads wildly when I looked. When I ignored them, they stomped their feet and make noise disturbances.*" He adds that the store staff and Moe's Fresh Market engaged in the same harassing behavior as a group of individuals from

Sapphire Village in order to prevent him from continuing shopping at the store, simply because he is black.

As a result of those acts and many more, Appellant filed a Motion for Temporary Restraining Order, Preliminary and Permanent Injunction claiming that he has been permanently banned from shopping at the store for groceries because he is not welcome in the store because he is black. Appellant has a real or immediate concern that he may be wronged again, because he has been denied and continues to be denied access to proper nutrition because he is not allowed in the store. Yet On September 9, 2016 the District Court issued and Order denying the Motion for Temporary Restraining Order.

It is Appellees' contention that Appellant has not established any basis for a cause of action against Appellees much less for a temporary restraining order. Consequently, the ruling of the District Court must be confirmed.

# **ARGUMENTS**

## **I**

The denial of Appellant's Motion by the District Court was appropriate. Preliminary Injunctive Relief is an extraordinary 'remedy' and "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d. 700, 708 (3d. Cir. 2004). "A Temporary Restraining Order is a 'stay put', an equitable remedy that has its essential purpose, the preservation of the status quo while the merits of the cause are explored through litigation." J.O. v. Orange Twp. Bd. of Edu., 287 F.3d. 267, 273 (3d. Cir. 2002). The standard for granting a Temporary Restraining Order under Federal Rule of Civil Procedure 65 is the same as that for issuing a Preliminary Injunction. Bieros v. Nicola, 857, F. Supp. 445, 446 (ED. Pa. 1994) in order to obtain such an order a plaintiff must demonstrate (1). A likelihood of success on the merits; (2) The probability of irreparable harm if the relief is not granted; (3) That granting injunctive relief will not result in even greater harm to the other party; and (4) That granting relief will be in the public interest. See, Frank's GMC Truck Ctr., Inc., v. General Motors Corp., 847 F. 2d. 100, 102 (3d. Cir. 1998); see also Allegheny Energy, Inc., v. DQE, Inc., 171 F.3d. 153, 158 (3d. Cir. 1999). (Setting forth the four elements for demonstrating needs for Preliminary Injunction). In order to succeed under Rule 65 (b), it must clearly appear from "specific facts shown by affidavit, or by the verified complaint that

immediate and irreparable injury, loss, or damage will result to the applicant". That has not been shown in this case. Thus, Appellant must demonstrate: (1) a likelihood of success on the merits, (2) the probability of irreparable harm if the relief is not granted, (3) that granting injunctive relief will not result in even greater harm to the other party, and (4) that granting relief will be in the public interests. In finding irreparable harm, it is not enough to establish risk of irreparable harm, rather there must be a clear showing of immediate irreparable injury, see Ecri v. McGraw-Hill, Inc., 809 F.2d. 223, 226 (3d. Cir. 1987). Furthermore, it is not enough for the harm to be serious or substantial; rather, it must be so peculiar in nature that money cannot compensate for the harm. From Appellant's motion it is clearly demonstrated that he has not sufficiently proven that he is entitled to the extraordinary relief requested. Further, Appellant has not adequately alleged specific facts in his motion, nor has he supported his fact with an affidavit or a verified complaint, nor is there any indication of immediate irreparable harm from the face of his complaint. It is not even clear if Appellant has brought his action or his motion against the proper parties since he has not sued everyone that he claims was harassing and interfering with him. Finally, Appellant alleges that he has been harassed, prosecuted, and discriminated against since October, 2015 through April 2016, but he filed no grievances or claims for almost a year against the parties allegedly harassing and discriminating against him.

Plaintiff's/Appellant's shortcoming is his failure to comply with his requirements with the very claim which he seeks. Plaintiff's/Appellant's claim as pled, failed to show any likeliness to succeed on the merits. The claim for alleged violation of Civil Rights does not fit the facts as pled by Appellant. In his Memorandum of Law in support of Motion for a TRO and Preliminary and Permanent Injunction Appellant is claiming "*Wallie Hamed, owner of Moe's Fresh Market permanently banned me from shopping at the store for groceries because I am not welcomed at the store because I am black. As a consequence, the defendants are denying me access to proper nutrition*." "Appellant makes an additional alleged factual statement regarding the alleged harassment and stalking by Wallie Hamed, his employees and a group of individuals from Sapphire Beach Resort and Marine and Sapphire Village while he is shopping in the store and preventing him from returning to the store because he is black."

Appellant further claims that Mr. Hamed while he was once in the process of selecting groceries on one occasion on April 10, 2016, repeatedly asked him to leave the store, and that he would not be allowed to shop the next time. Appellant further alleges the employees of Mr. Hamed engaged in a "criminally aggressive" pattern of conduct, while carrying out some very bizarre behaviors which he described as flicking and moving the heads widely. However, at no point did the Appellant make a factual allegation that would provide him with relief pursuant to

the TRO and Permanent Injunction for alleged Civil Rights violations. Accordingly, the Appellant fails to meet the standard of a likelihood success on the merits.

Furthermore, the appellant fails to establish the probability of reparable harm if the relief is not granted particularly when the bulk of his claim relates to individuals when allegedly are "flicking and moving their heads wildly". Furthermore, Appellant has failed to pled what such irreparable harm he will suffer. Neither does the appellant establish that a granting of injunctive relief will not result in a greater harm to him, nor that is in the public interest. Clearly the claim by appellant fails on its very nature and for this reason the District Court acted correctly and this Court should uphold the determination of the District Court.

## II

In addition to confirming the ruling of the District Court in denying the Motion for Temporary Restraining Order, this Court should review the complaint filed by Appellant against <u>Sapphire Village Condominium Association, Jacqueline Lindberg and others,</u> in case 3:16-CV-00050-CVG-RM, also filed in the District Court of the Virgin Islands. See Appendix 000017 to 000068. The purpose of the review of that case here requested is to determine whether the claims for discrimination, intimidation, harassment and persecution are of such questionable

nature as those alleged in this case, that merit dismissal of this claim. In <u>Dorval v. Sapphire Village Condominium Association</u> which covers almost the exact period of time of this action, claimant is alleging that his neighbors keep making excessive noises all night long that are interfering with the enjoyment of his apartment, are preventing him from obtaining any rest, depriving him of the use of his television, or his kitchen to cook. Interestingly, as alleged in paragraph 4.4.11. (App. 000034), he states the noise disturbances are causing him to suffer from chest pain, difficulty breathing, nausea and vomiting.

Furthermore, as alleged in paragraph 4.10.3 (c) (App. 000047) "anytime I walked around the Sapphire Development, the neighbors and group of individuals lounge at the corner of my eyes at fast speed and they also blocked my pathway". Under subparagraph (e) (App 000047) "anytime, I ran around Sapphire Development, the neighbors and group of individuals lounged at the corner of my eyes at fast speed and they also block my pathway". On paragraph 4.10.9 of the complaint (App 000048), he states "the neighbors and group of individuals prevent me from using the pools or frequent the Sapphire Bar and Grill Restaurant because of the constant stalking and harassment". On paragraph 4.12.1 (App. 000049), he claims *"the neighbors and group of individuals use Sapphire Condominium Development as a base to conduct gang stalking and follow me to the stores; doctor's office; lawyer's office; and the beach. These malicious and predatory*

*behaviors by these neighbors and a group of individuals are affecting my health in general. In addition, these individuals are violating and interfering with my privacy, ability to receive proper and efficient medical treatment, access to competent and effective legal advice and access to proper nutrition."* He is harassed on the bus and he is followed, and this group of individuals follow him and engage in the following course or pattern of conduct when he visits the grocery store to purchase food at: (1) Moe's Supermarket, (2) Pueblo Supermarket, (3) Extra Supermarket, (4) The Food Center, (5) Kmart, (6) Chelsea Drugstore, (7) Other convenient stores. In each of those places, every time "these individuals hide behind the isles and launched at the corner of his eyes when he looks up. They exaggerated their body movements and wildly move their head. When he ignores them, they stump their feet and make noise disturbances." (App. 000050). Pursuant to this admission by Appellant he is clearly not being "denied access to proper nutrition" by Appellees since he visits other grocery stores.

From the allegations on both complaints, it would appear improbable that a group of employees from Moe's and a numerous individuals from Sapphire Village would follow Appellant everywhere or stand at specific places waiting for him in order to interfere or constantly harass him, for no specific or apparent reasons.

In Appellees' opinion, there is an element missing in Appellant's complaint that is, causality. According to Appellant for seven months, he was followed

around everywhere he went. Those multiple persons who were following him or waiting for him everywhere he went were continuously; "lounging their eyes with fast eye movement from side to side, hiding behind shelves and cabinets, cutting his paths with shopping carts, stumping their feet or making noise with their feet, however, except in very few instances no one ever said one word to him. There were no signs, placards or banners involving any defamatory or discriminating comments against him. When anyone spoke, no one referred to his ethnicity or color. If no one ever uttered a word expressing or even hinting discrimination of any kind, any assumption to that effect, is simply pure speculation.

In view of the circumstances, this Court should enter a Supplemental Order for the District Court to determine whether this type of case should be allowed to be prosecuted in the U.S. District Court.

In view of the circumstances it appears obvious that Appellant's complaint does not present a valid cause of action which merits any consideration from this Court. None of the acts alleged in the complaint, seem to cause any immediate serious or real damage or immediate irreparable harm to Appellant. Consequently, there is no basis for the Temporary Restraining Order properly denied by the District Court.

Furthermore, this Court should enter a Supplemental Order addressed to the District Court to investigate whether the complaint in this case should be allowed to be prosecuted in the U.S. District Court.

## **CONCLUSION**

This Court should confirm the Trial Court's ruling that the motion for Temporary Restraining Order was properly denied.


Dated: November 30, 2016         /s/ Eugenio W.A. Geigel                                    
                                 Attorney for Appellees
                                 Law Offices of Wilfredo A. Geigel
                                 P.O. Box 25749
                                 Christiansted, VI  00824
                                 Tel: (340) 778-8069
                                 Fax: (340) 773-8524
                                 egeigel@gs-lawoffices.com

## **CERTIFICATE OF BAR MEMBERSHIP**

Attorney for Appellees certified that I am a member in good standing for the bar of this Court pursuant to Third Circuit LAR. 28.3.

## **CERTIFICATE OF COMPLIANCE**

This Brief complies with type-volume limitation of Fed. R. App. Proc. 32 (a)

(7) (B). The Brief contains less than 14,000 words, excluding the parts of the Brief

exempted by Federal Rule of Appellate Procedure 32 (a) (7) (B) (iii).

Dated: November 30, 2016          /s/ Eugenio W.A. Geigel_____

Attorney for Appellees
Law Offices of Wilfredo A. Geigel
P.O. Box 25749
Christiansted, VI  00824
Tel: (340) 778-8069
Fax: (340) 773-8524
egeigel@gs-lawoffices.com

## CERTIFICATE OF FILING PURSUANT TO THIRD CIRCUIT LAR 30.1 AND 31.1

I, Eugenio W.A. Geigel, certify that, as required by the Third Circuit LAR 30.1 and 31.1, two (2) copies of the BRIEF OF APPELLEES were filed with the Clerk of the District Court in the location from which the Appeal has been taken.

Dated: November 30, 2016          /s/ Eugenio W.A. Geigel
                                   Attorney for Appellees
                                   Law Offices of Wilfredo A. Geigel
                                   P.O. Box 25749
                                   Christiansted, VI  00824
                                   Tel: (340) 778-8069
                                   Fax: (340) 773-8524
                                   egeigel@gs-lawoffices.com

## ELECTRONIC FILING CERTIFICATION

I, Eugenio W.A. Geigel, certify that a virus check was performed on both the

e-brief and hard copies of brief with AVG Anti Virus.

Dated: November 30, 2016          /s/ Eugenio W.A. Geigel

          Attorney for Appellees
          Law Offices of Wilfredo A. Geigel
          P.O. Box 25749
          Christiansted, VI  00824
          Tel: (340) 778-8069
          Fax: (340) 773-8524
          egeigel@gs-lawoffices.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that two true and exact copies of the foregoing were

served by mail, prepaid-postage upon

Wilnick Dorval
6700 Sapphire Village
Apartment 265
St. Thomas, U.S. Virgin Islands 00802

Dated: November 30, 2016          /s/ Eugenio W.A. Geigel
                                    **Attorney for Appellees**
                                    Law Offices of Wilfredo A. Geigel
                                    P.O. Box 25749
                                    Christiansted, VI  00824
                                    Tel: (340) 778-8069
                                    Fax: (340) 773-8524
                                    egeigel@gs-lawoffices.com